THE STATE, TRUSTEES OF SCHOOL DISTRICT NO. 4, OF EATONTOWN, PROSECUTORS, v. CHARLES LEWIS, COLLECTOR OF OCEAN TOWNSHIP.

1. A special meeting of the legal voters of a school district, duly called, may vote to raise money for school purposes, although such appropriation has been refused at the annual meeting.
2. On appeal to the commissioners of appeal by some of the tax-payers from such school tax, their judgment remitting the tax, although erroneous, will protect the collector, and restrain him from proceeding to collect such remitted taxes, but not for his neglect or refusal to collect the taxes of those who have not appealed.
3. Where a collector has made no return of delinquent tax-payers, and no warrants have been issued to him during the year, if he be re-elected, a *mandamus* will not be allowed to compel him to proceed and collect the taxes of such delinquents, because he has no statutory authority to do so. Other remedies against him must be used.

On application for *mandamus*.

Argued at November Term, 1871, before Justices BEDLE, DALRIMPLEE and SCUDDER.

For prosecutors, *H. G. Clayton* and *A. Reed.*

For defendant, *H. S. Little.*

SCUDDER, J. The legal voters of School District No. 4, of Eatontown, in the county of Monmouth, upon the call of a special meeting by the trustees of that district, met on Tuesday, April 12th, 1870, and by a vote of two-thirds of the persons present, ordered the sum of $1200 to be raised by taxation to finish and furnish the school-house. Their resolution was, to borrow the money in the first instance, and afterwards to raise the amount by taxation in that year. The tax was assessed upon the inhabitants of that part of Ocean township which formed a portion of the school district, for their proportionate share of the tax, namely, $976. Some of

the tax-payers appealed to the commissioners of appeal in cases of taxation, who, after the examination of the facts and consideration of the case, gave judgment for the appellants. That the commissioners erred in such judgment is very clear. The reason for setting aside the assessments was, that the subject of raising a special tax for school purposes for that year had been considered, and settled adversely, at the regular annual school meeting held in March, and that the special meeting called to consider the same question on April 12th, and their action in voting to raise a tax for the same purpose, were illegal.

This objection cannot prevail. It was lawful for the legal voters of the district, when regularly convened at a special meeting, to reconsider their former action. There is no prohibition of such action in our school law. The right to act for such purposes at a special meeting, is held in a recent case. *State* v. *Greenleaf*, 5 *Vroom* 441, decides that section thirty-nine of the school act of 1867 authorizes the call of such meeting, and the transaction of such business, when set forth in the notice.

But however erroneous the judgment of the commissioners may be in setting aside the particular assessments before them on appeal by some of the tax-payers, their determination was conclusive in protecting and restraining the collector from proceeding to collect these taxes, until the matter should be otherwise judicially settled. *State* v. *Perrine*, 5 *Vroom* 254. This has not been done, and the appellants are not here before us to have their rights adjudicated. This is a proceeding between the incorporated school district and the collector of taxes.

There was no default, therefore, in the collector, in his neglect or refusal to collect these particular taxes from the appellants. It appears, however, that he not only did not proceed to collect the taxes of those who had appealed to the commissioners, and for whom they had given judgment, but he also neglected and refused to collect this special school tax from those in the district who had not appealed. This was wrong.

The commissioners did not, and could not, remit the special tax of those who had not appealed. They had no jurisdiction, except in each separate case wherein an appeal was made to them, and they did not assume to act, so far as appears in the case, for those who made no complaint of the tax. The collector, therefore, failed in his duty as to those who took no legal steps to avoid the tax. He should have demanded the tax, returned delinquents, obtained tax warrants, and used the legal remedies under the statute for the collection. He did nothing in these special taxes after the decision of the commissioners was made. The application is now made to us, on behalf of the school district, for a *mandamus* to compel him to collect them. The propriety of this remedy is questioned. This writ will not be allowed, unless the act commanded to be done by it is legally possible when it is issued.

This tax was assessed in 1870; no return of delinquents has been made; no tax warrants have ever been issued; no such proceedings appear in the statement of facts agreed upon. The whole machinery of the law for the collection of these taxes has been stopped since the duplicate was delivered to the collector. By the eightieth section of the school law, the money ordered to be raised for school purposes shall be assessed, levied, and collected at the time and in the manner that other township moneys are assessed, levied, and collected. This time and manner have been entirely disregarded by the collector. In the spring of 1871 his term of office expired, and he had done nothing then. As his term of office then ended by its own limitation, he would, after that time, be powerless to obey the mandate of this court, if he should be directed to proceed and collect the tax. This would bring this case directly within the decision of *State* v. *Perrine*, before cited. It was there held that a *mandamus* would not be allowed after the collector's term of office had expired. But it appears he was re-elected collector for the township of Ocean, in the spring of 1871, and now holds that office, and it is said the writ may now go to him to collect these taxes. But he cannot, as the collector of 1870, take up the tax dupli-

cate where he left it, make return of delinquents with the oath required, and receive and execute the tax warrants, after his term of office for that year has expired. The tax duplicate has passed from his hands into the custody of other officers. After this, the ministerial duty, which was formerly performed by a constable, of collecting taxes upon warrants to be issued to him alone, remains under the statute. He must, therefore, for the purposes of this application, be regarded as another and different collector. Can, and will, the court command him to proceed and collect these taxes? Can he take up the duplicate where it was left, make the return of delinquents on oath, and execute the warrants? After a careful examination of the tax law, I find no authority for such action by a succeeding collector. Taxes can only be levied and collected in the manner prescribed by the statute, where it undertakes to provide the means; and while some of its provisions may be held to be merely directory, yet the system of taxation must be substantially observed. *State* v. *Roberts,* 7 *Halst.* 114 ; *State* v. *Hamilton,* 1 *Harr.* 153, which were actions on the official bonds of sheriffs for not executing writs of execution, after their term of office expired, were decided upon a statute, and a practice peculiar to sheriffs, and do not, therefore, affect this case.

The acts of 1868, (*Nix. Dig.* 958, § 121, and *Laws* 1869, *p.* 612,*) relate to cases where tax warrants have been, or shall be, issued, and provides for the issue of *alias* and *pluries* tax warrants to the proper officer, for the time being. But there is no provision made for a return of delinquents and the issue of warrants thereon, after the officer's term has expired whose duty it was to make such return.

If the persons assessed were before the court, and there were difficulties in proceeding with the collection under the statute, the court might afford a remedy by attachment. *Smith* ads. *State,* 2 *Vroom* 216 ; *Person* v. *Warren Railroad,* 3 *Vroom* 441 ; *Camden* v. *Allen,* 2 *Dutcher* 398 ; *Silverthorne* v. *Warren Railroad,* 4 *Vroom* 372.

It appears, by this case, which is rare and exceptional, that

*Rev.,* p. 1161, § 97–98.

some further legislation may be necessary to complete our system of taxation, and provide for such contingency. The facts suggest such doubt and difficulty as to the legal obligation and ability to perform the duty that would be enjoined by a writ of *mandamus*, that, in my judgment, it should not be allowed.

The defendant is responsible for his failure in the performance of his official duty, except so far as he is protected by the action of the commissioners of appeal in remitting certain of these taxes ; but, upon the facts as they appear before us, other remedies provided by law should be used, rather than the writ of *mandamus* for which application is here made.

While this result may release many of the tax-payers from paying a legal assessment of this special school tax, yet it will be seen that injustice would be done by compelling them to pay a tax from which many others, equally bound with them, have been discharged by the commissioners of appeal. Another vote by the legal voters of the district, at the coming annual meeting, may relieve them from the embarrassments caused by the mistake of the public officers in collecting this former assessment.

The writ of *mandamus* is refused.

Justices BEDLE and DALRIMPLE concurred.