E. E. LEACH, INC., A NEW JERSEY CORPORATION, AND FRANK GIBBS, PLAINTIFFS, v. FREDERICK T. JAMES, RECORDER OF THE BOROUGH OF ROCKAWAY, DEFENDANT, AND THE MAYOR AND COUNCIL OF THE BOROUGH OF ROCKAWAY, RESPONDENT.

Argued October 7, 1941—Decided November 13, 1941.

Before Justices Bodine, Perskie and Porter.

For the plaintiffs, *Robert O. Bentley, Jr.*

For Frederick T. James and Mayor and Council of Rockaway, *Edwin W. Orr, Jr.,* and *Harry Shuback.*

Bodine, J. The writ brings up for review a conviction before the recorder of the Borough of Rockaway for moving in substantial bulk the household goods and chattels of one Harry Watson from the Borough of Rockaway, to a place without the Borough of Rockaway, without first having obtained a permit for such transportation, in violation of section 2 of an ordinance of the said borough entitled, "An Ordinance Relating to and Regulating the transportation and removal of personal property within the Borough of Rockaway." Section 2 of said ordinance is as follows: "No truckman shall transport from one place to another within or from a place within to a place without the Borough of Rockaway, in the County of Morris, in substantial bulk, household furniture, goods and chattels, machinery, equipment, fixtures, merchandise or personal property without first having obtained a permit for such transportation as herein provided."

Section 1 of said ordinance provides, in part, as follows: "The term 'truckman' as used herein shall be deemed to mean any person, firm, corporation or association acting as or engaged as a * * * van-man transporting by truck or similar vehicle, household furniture, goods and chattels, * * *."

Section 3 of said ordinance provides, in part, as follows: "The permit herein required shall be obtained by making written application to the Borough Clerk at least forty-eight hours prior to such removal or transportation (except in case of emergency as determined by the Borough Clerk) * * *."

Section 4 of the ordinance provides as follows: "The aforesaid application shall be made and signed in triplicate; one copy to remain in the records of the Borough Clerk, and a

copy to be delivered by the Borough Clerk forthwith to the Collector of Taxes and to the Police Department. Upon receipt of such application, the Collector of Taxes shall promptly ascertain, and certify in writing to the Borough Clerk whether any personal property taxes are due and unpaid upon the property, for the removal whereof a permit is sought."

Section 5 of the ordinance provides as follows: "Upon receipt from the Collector of Taxes of a certificate indicating that no personal property taxes are due and unpaid upon the property described in said application, the Borough Clerk shall issue to the applicant therefor a written permit certifying that the said truckman is entitled to transport or remove the article in accordance with the application aforesaid. Such written permit shall be kept at all times in the possession of the person or persons actually engaged in and throughout the operation of said transportation and moving and shall, upon request, be shown to any police officer."

The municipality cannot, by ordinance, provide a new method to collect delinquent taxes. The method provided by law is set forth in *N. J. S. A.* 54:4-78. *State, Trustee, &c.,* v. *Lewis,* 35 *N. J. L.* 377; *Halenback* v. *Hoboken,* 121 *N. J. Eq.* 49. It is beyond the powers of a municipality to require one engaged in business to secure a municipal consent to do business with those requiring his services. Clearly, an ordinance requiring a merchant or professional man to give notice that X had applied to him for merchandise or services and requesting a permit could not be justified as a provision to insure the general welfare of the community.

Those engaged in transporting goods may not be so crippled. The ordinance does not require the truckman to procure a license to do business generally, but a permit for every engagement. The municipality is to determine with whom he may do business. Such is regulation without reason. It protects neither person or property and preserves neither public health, safety or welfare. The cab driver may be required to procure a license; a requirement that he must secure a permit before he could drive A or B, resulting in a delay of several days is not to be contemplated. But how is

the truckman in a different position, except that he moves goods and not people?

That the borough is situate in the defense area of the United States seems to us to be no reason at all for a restrictive ordinance of this sort. The argument that the governing body has the right to know the residents of the municipality and the increase or decrease of its population, both for its economic structure as well as its educational facilities, seems fantastic. If the citizen cannot have his property moved without permit presently he will be unable to leave the town without a permit or possibly enter another without permission. Regulation cannot run rampant under the guise of being for the general welfare.

The conviction is set aside, with costs.