92 N.J. Super. 402 (1966)
223 A.2d 640
LONGRIDGE BUILDERS, INC., PLAINTIFF,
v.
PLANNING BOARD OF THE TOWNSHIP OF PRINCETON, IN THE COUNTY OF MERCER AND STATE OF NEW JERSEY, AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PRINCETON, IN THE COUNTY OF MERCER AND STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 14, 1966.
*403 Mr. A.C. Reeves Hicks for plaintiff (Messrs. McCarthy, Bacsik, Hicks, Tams & Dix, attorneys).
Mr. Gordon D. Griffin for defendants (Messrs. Mason, Griffin & Moore, attorneys).
BENNETT, J.S.C. (temporarily assigned).
This is an action in lieu of prerogative writ instituted by plaintiff Longridge Builders, Inc. to review a decision of defendants Planning Board and Township Committee of Princeton requiring plaintiff to construct a road known as Woods Way, 361 feet beyond its subdivision.
The facts have been stipulated. Plaintiff is the owner of about 32 acres of land in Princeton Township, known as lot *404 35, section 22, and part of lot 16, section 32 on the Princeton Township tax map. Both of the tracts are located in zoning district R-2 wherein the minimum lot size requirement is 1 1/2 acres. These tracts are shaped irregularly, and are bounded on the south by Herrontown Road, an existing public road, and by land to the north belonging to individual property owners. Autumn Hill Road, another existing public road, is about 360 feet from the northern boundary of the plaintiff's tract, and runs parallel to that boundary. A dedicated, unimproved road right-of-way runs from the northern boundary of plaintiff's tract to Autumn Hill Road.
Plaintiff's contract to purchase this land was conditioned upon submission to and approval by the township planning board of its preliminary plan. The board heard plaintiff's application on February 8, 1965 and required, as a condition of its approval, that plaintiff's plat be amended to show that Woods Way was to be extended and paved beyond the northern boundary of plaintiff's subdivision, and within the reserved and dedicated right-of-way, to intersect Autumn Hill Road.
On February 12, 1965 plaintiff notified the township committee of its decision to appeal from that portion of the planning board's decision requiring the extension and paving of Woods Way beyond plaintiff's subdivision. On February 15, 1965 the township committee heard the appeal and it was "tabled for further study." In the meantime, and at the township committee's request, the planning board stated the reasons for its decision in a letter dated March 10, 1965. The board felt that the "connection" should be made because of the established policy of providing proper circulation not only for the immediate future but also for the eventual development of the area affected; to facilitate service and maintenance of the area, and to provide double access for emergency vehicles.
On April 5, 1965 the township committee, at its regular meeting, sustained the action of the planning board and dismissed the appeal. Thereafter plaintiff amended its plat, as *405 required by the planning board, and obtained the appropriate signatures on the plat on May 13, 1965. By a letter addressed to the township attorney, and submitted with the amended plat, plaintiff stated that "the condition imposed by the Planning Board that the developer must pave Woods Way beyond its northerly boundary to Autumn Hill Road is not only unreasonably burdensome but also a condition which the Planning Board has no legal authority to impose."
The extension of Woods Way beyond plaintiff's subdivision to Autumn Hill Road would cost the developer $10,500, and all the subdivision, including the extension of Woods Way, would total $110,000. It is anticipated that the lots and houses will be marketed in excess of $50,000 each.
Since obtaining preliminary subdivision approval, plaintiff has submitted and obtained final approval of a portion of the tract and has commenced development.
Arguments were heard on this matter, and it was then remanded to the planning board for its further consideration. The court felt that there was a lack of information concerning the status of property owners on either side of the contemplated road, and also expressed the opinion that while conditions exacted beyond plaintiff's geographical development may not be illegal per se, they may become so if pressed beyond the limitations of reasonableness.
The court now has a certified extract from the minutes of the planning board meeting of September 12, 1966, implementing a prior memorandum. The court will consider the matter de novo.
By requiring the paving of a road beyond its own subdivision prior to receiving preliminary subdivision approval, plaintiff asserts that the action of the planning board is ultra vires and in conflict with the apposite sections of the Municipal Planning Act and the Princeton Township land subdivision ordinance. It is further asserted that the cost of paving Woods Way is not a nominal or minor financial consideration to the developer.
*406 Conversely, defendants maintain that the planning board is given power under the Municipal Planning Act which is general in nature, and not limited to requiring improvements within the subdivision itself; that the condition imposed is necessary for the general welfare and future development of the community, and that the Princeton Township land subdivision ordinance does contain adequate standards to uphold the planning board's action. Furthermore, defendants assert that the cost of paving this road is not unduly burdensome.
The Municipal Planning Act (N.J.S.A. 40:55-1.20) provides, in pertinent part, as follows:
"In acting upon plats the Planning Board shall require, among other conditions in the public interest, that the tract be adequately drained, and the streets shall be of sufficient width and suitable grade and suitably located to accommodate the prospective traffic; * * * where the planning board after hearing has adopted portions of the master plan with proposals regarding the street system, within the proposed subdivision, the board may require that the street should conform in design and in width to the proposals shown on the master plan." (Emphasis supplied)
The Princeton Township land subdivision ordinance, implementing the enabling act, defines the word "subdivision" in section 4:1 in the same manner as the state statute:
"The division of a lot, tract or parcel of land into two or more lots, sites or other divisions of land for the purpose, whether immediate or future, of sale or building development."
The other apposite sections provide as follows:

"7. Improvements.
Section 7:1. Prior to the granting of final approval, the subdivider shall have installed or, at the option of the Planning Board, shall have furnished performance guarantees for the ultimate installation of the following:
(a) Streets: All new streets shall be graded and provided with an all weather base and pavement in keeping with specifications and standards approved by the Township Committee and on file in the office of the Township Engineer. All pavements shall be 30 feet in width, except in zoning districts wherein the required minimum lot *407 sizes are one acre or more in which cases pavements shall be 20 feet in width."

"8. Design Standards

Section 8:1. GENERAL
8:1-1. The subdivider shall regard the following requirements and principles of land subdivision in the design of each subdivision thereof.
8:1-2. The subdivision plat shall conform to design standards that will encourage good development patterns within the municipality. The subdivision shall conform to the proposals and conditions shown on the official map and master plan. The streets, drainage rights-of-way, school sites, public parks and playgrounds shown on an officially adopted master plan or official map shall be considered in approval of subdivision plats, shall be shown on the final plat in accordance with section 20 of the Municipal Planning Act (1953), and shall be such as to lend themselves to the harmonious development of municipality and enhance the public welfare in accordance with the following design standards.

8:2. STREETS
8:2-1. The arrangement of streets shall be such as to provide for the appropriate continuous extension of existing, mapped, or potential circulation streets without off-sets."
The court recognizes, initially, that there is a need for the extension of Woods Way beyond plaintiff's subdivision, and that problems regarding traffic circulation, deleterious future development of the land, and the welfare of the township are pragmatic questions uniquely within the competence and expertise of the planning board. It is also conceded that constructing roads within the subdivision, widening roads along the boundaries of subdivisions, installing storm drains and sewers within subdivisions, and providing for drainage problems outside of a subdivision, are legitimate conditions that may be imposed upon a developer. But the court's concern here is whether the developer is being forced to assume a rightful function of the municipality as a condition to receiving preliminary subdivision approval.
The court is mindful that questions of interpretation and construction must be resolved in favor of governmental authority when it is reasonably possible to do so, in order to serve the maximum protection of public interest, but as Justice Hall stated in Levin v. Livingston Tp., 35 N.J. 500, *408 507 (1961), "this does not mean that the legitimate interests of the developer are to be completely forgotten. He is entitled to substantive and procedural fairness, having in mind the primacy of the public interest, and the principal objects of regulation."
While no dispositive precedents were cited interpreting the section of the Municipal Planning Act (N.J.S.A. 40:55-1.20), the court is persuaded that it has no right to vary, under the guise of a liberal interpretation of the police power, what appears to be the clear and unambiguous language of the statute. The planning board has the right to require that streets conform in design and width within the subdivision, but it is felt that neither the Municipal Planning Act nor the Princeton Township land subdivision ordinance contemplates that a developer should be compelled to pave a road beyond his own subdivision.
The word "subdivision" is defined in terms of a particular lot, and not in relation to the surrounding property. Moreover, a fair reading of section 7 of the township ordinance, captioned "Improvements," gives no indication to the developer that he is responsible for work to be completed outside of his subdivision. Section 8 of the ordinance refers to the "Design" of the subdivision and streets therein. There is a very significant distinction to be made between the words "Design" and "Improvement." The design of a street may well envision its extension beyond a developer's own subdivision, and the court is persuaded that the plaintiff designed all the streets within its subdivision in conformity with sound township planning.
The court further finds that a planning board is without authority to compel an applicant to pave a road beyond its subdivision under the "among other conditions in the public interest" clause of this section of the act (N.J.S.A. 40:55-1.20).
And without belaboring the point, the court does not find merit in defendants' argument that the developer by *409 acquiescence waived his rights to contest the validity of this condition imposed by the planning board.
For the reasons expressed herein, the planning board is ordered to delete from plaintiff's preliminary subdivision plan the condition that he pave the road known as Woods Way, 361 feet beyond his subdivision.
An appropriate order may be submitted.