109 N.J. Super. 432 (1970)
263 A.2d 502
SUSSEX WOODLANDS, INC., PLAINTIFF,
v.
MAYOR AND COUNCIL OF THE TOWNSHIP OF WEST MILFORD, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 13, 1970.
*433 Mr. Reginald F. Hopkinson for plaintiff (Messrs. Jeffer, Walter, Tierney, DeKorte, Hopkinson & Vogel, attorneys).
Mr. Louis Wallisch, Jr. for defendant (Messrs. Wallisch & Wallisch, attorneys).
ROSENBERG, J.C.C. (temporarily assigned).
Plaintiff Sussex Woodlands, Inc. brings this action in lieu of prerogative writs to set aside section 9-8, article II of the "Sketch Plat Procedure" of the Revised Ordinances of West Milford Township, as amended, to compel defendant township to approve a minor subdivision, and for such other relief as the court may deem necessary and proper. Plaintiff is *434 presently before the court on a motion for summary judgment pursuant to R. 4:46. Defendant has filed a cross-motion for summary judgment to dismiss the complaint.
Plaintiff is the owner of property comprising approximately 2000 acres in West Milford Township. Within this tract is a piece of property known as Lot 3 in Block 247, fronting on Clinton Road and comprising 800.278 acres. Plaintiff, through its agent Fred Ferber, applied for a subdivision of this latter tract by which a lot comprising approximately three acres could be conveyed to one Frank Schoonyoung. A minor subdivision was approved by the West Milford Planning Board subject to plaintiff paying all taxes due and owing on the 800.278 acres. This action occurred in 1968. In August 1969 the planning board reapproved the subdivision application subject to the same condition that taxes be paid. The validity of this contingency is the sole issue in this matter.
The alleged right of the planning board to impose the tax payment contingency on the approval of minor subdivisions is based in section 9-8, Article II, "Sketch Plat Procedure," of the Revised Ordinances of West Milford Township. On December 15, 1967 the then township committee amended this section to provide that "no minor subdivision shall be approved unless the sketch plat complies with the plat details as outlined in Section 9-22 of this ordinance, and unless there is first filed with the Secretary of the Planning Board an Official Tax Search from the Collector of Taxes showing that all taxes are paid to date." (Emphasis added). The same requirement, namely, proof of taxes, is presently in effect regarding major subdivisions. Plaintiff claims that this amendment is ultra vires and that as it relates to his property the amendment constitutes an unconstitutional taking of property without due process of law.
It is a well established principle in our law that there is no inherent right of local self-government. Municipalities are but creatures of the State, "limited in their powers and *435 capable of exercising only those powers of government granted to them by the Legislature * * *." Wagner v. Newark, 24 N.J. 467, 474 (1957). See also, Fred v. Mayor, etc., Old Tappan, 10 N.J. 515, 518 (1952); Trenton v. State of New Jersey, 262 U.S. 182, 187, 43 S.Ct. 534, 67 L.Ed. 937, 942 (1923).
The Constitution of 1947, Art. IV, § VII, par. 11, secures to municipalities not only those powers which are expressly granted to them but also "those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law." In addition the Constitution provides that all constitutional or statutory provisions concerning municipalities "shall be liberally construed in their favor." The State of New Jersey, then, in its relation to its municipalities, is what is commonly referred to as a legislative home rule state. Because of the constitutional provision providing for liberal construction of municipal powers, it would be more correct to categorize New Jersey as a liberal legislative home rule state. New Jersey is not, however, a pure or constitutional home rule state. The powers of its municipalities, while liberally construed, are not absolute. Municipal powers are still derived from the Legislature.
I find it necessary to develop this concept of municipal power because that is essentially the underlying issue of this case. That is, does a municipality in acting through its planning board have the power to impose a condition on a landowner that taxes be paid prior to the grant of subdivision approval?
In addition to the constitutionally protected right of liberal construction of municipal powers, the Municipal Planning Act, N.J.S.A. 40:55-1.1 to 1.29, specifically carries forward this idea of construction favorable to municipalities. N.J.S.A. 40:55-1.3 provides that the act "shall be construed most favorably to municipalities, its intention being to give all municipalities the fullest and *436 most complete powers possible concerning the subject matter hereof."
It is evident from the foregoing then that when a municipality acts in the performance of its planning functions it has a strong basis from which to do so. Article VI of the New Jersey Constitution, supra, grants to municipalities powers incidental to those expressly conferred, and further provides that all statutory and constitutional provisions concerning municipalities are to be liberally construed. In addition, our Legislature has provided that the Municipal Planning Act, is to be given a construction favorable to municipalities.
The specific statutes upon which West Milford's subdivision ordinance is based and the provisions which allegedly give the township the power to impose the tax payment condition are N.J.S.A. 40:55-1.14 and 1.15. The former section provides:
In any ordinance creating a planning board or in any amendment or supplement thereto, provision may be made for the regulation of subdivisions within the municipality by approval of the planning board acting in lieu of the governing body of all plats before such plats may be filed with the county recording officer, provided such ordinance regulating subdivisions establishes regulations, requirements, and standards for plat approval by the planning board. [Emphasis added]
N.J.S.A. 40:55-1.15 provides that the governing body shall adopt by ordinance "standards for approving the design of subdivisions and the required street improvements, requirements for the submission of subdivision plats, and the procedure to be followed by subdividers." Can it be said that these statutes, liberally construed in light of the constitutional and statutory mandates, give New Jersey municipalities the implied power to impose payment of taxes as a condition precedent to subdivision approval? For the following reasons I hold that our municipalities are not the possessors of this right.
*437 It is an established principle in municipal planning law that the power of municipalities to promulgate regulations, requirements and standards governing subdivision approval is to be broadly construed. Smith v. Morris Tp. Comm., 101 N.J. Super. 271, 279 (App. Div. 1968). Equally established is the requirement that an ordinance be enacted pursuant to a legislative grant. Whether an ordinance be related to zoning, land subdivision, or whatever, all provisions of the ordinance must be within the confines of the relevant statute. As the court stated in Stoker v. Irvington, 71 N.J. Super. 370, 378 (Law Div. 1961), when municipalities regulate subdivisions "their powers are circumscribed by the provisions of the statute and they can act only in the manner therein prescribed."
Applying these principles to the present matter and recognizing full well that statutes concerning municipalities must be afforded a liberal intrepretation, I remain of the opinion that to permit municipalities the right to impose payment of taxes as a prerequisite to subdivision approval would be to give a strained interpretation to the Municipal Planning Act in general and N.J.S.A. 40:55-1.14 and 1.15 in particular. I have found no reported case in this or any other jurisdiction which would permit a municipality to impose such a condition. A review of the New Jersey cases construing the power of municipalities to impose conditions on subdivision approval indicates that regulatory ordinances are intended for the purpose of reasonably controlling the physical development of subdivision property. See Longridge Builders, Inc. v. Planning Board of Princeton Tp., 92 N.J. Super. 402 (Law Div. 1966); (streets); Hilton Acres v. Klein, 35 N.J. 570 (1961) (sewage disposal); Koslow v. Municipal Council of Wayne Tp., 52 N.J. 441 (1968) (soil removal). Indeed, the Municipal Planning Act itself gives sustenance to this view. N.J.S.A. 40:55-1.20 sets forth certain conditions to be required in acting upon plats. All of the *438 conditions therein relate to the physical development of subdivision tracts.
Municipal planning experts are also in agreement with this thesis. In Rathkopf's work on zoning and planning, the author states:
Because the subdivision of a large tract of land into a number of small building lots and the development thereof, either for residential or industrial purposes, increases the value of the land in the aggregate to the subdivider, and at the same time imposes new burdens upon the municipality and, if uncontrolled, upon other elements in the community, the validity of statutory provisions imposing a duty upon the subdivider to comply with reasonable rules and regulations relating to improvements in the public interest, such as streets and highways of suitable width, grade, and paving, installation of sidewalks, storm drains, sanitary sewers, water mains, gutters, curbs, street lighting standards, and other improvements, has seldom, if ever, been questioned. [Rathkopf, The Law of Zoning and Planning (3d ed. 1970), § 7, at 71-51; emphasis added]
See also Rhyne, Municipal Law, § 32-60, at 978.
In further substantiation of the proposition that planning conditions are limited to control over physical improvements to subdivisions is the 1952 suggested revision of the Municipal Planning Act. This annotated revision was prepared by the Planning Legislation Subcommittee of the Legislative Advisory Committee on the Revision of the New Jersey Planning Act. It has been substantially embodied in our present planning act. There is nothing in the editorial notes of this revision which even remotely recommends that municipalities be vested with the power to condition subdivision approval on the payment of real property taxes.
Reference is made by defendant township to the case of Economy Enterprises, Inc. v. Manalapan Tp. Comm., 104 N.J. Super. 373 (App. Div. 1969). Here there was the question of the right of a municipality to require a developer to pay fees broadly correlative with the expenses by the township in seeing to the fulfillment of the conditions authorized and imposed prior to the final subdivision plat. *439 The court held that the township had the implied power to provide by ordinance for the payment by a land developer of reasonable inspection fees to carry into effect powers and duties conferred by the Municipal Planning Act. This decision restricts somewhat the view discussed above that the imposition of subdivision conditions is limited to controls relating to the physical development of the property. It does not prove to my satisfaction, however, that simply because a municipality has the implied power to condition subdivision approval on the payment of expenses incurred, it therefore follows that a municipality has the power to require that taxes be paid before it will grant a subdivision approval. The two powers are clearly distinguishable.
What the Township of West Milford has attempted to do in passing ordinances which condition both major and minor subdivision approval on the payment of real property taxes is to try and collect back taxes in a manner not prescribed by statute. The township urges that this was not the reason for the ordinances, but I find the argument to be specious. It brings to mind the familiar phrase: "A rose by any other name would smell as sweet."
As far back as 1872 our courts recognized that taxes may not be collected without the statutory authority to do so. State, Trustee, &c. v. Lewis, 35 N.J.L. 377 (Sup. Ct. 1872). In the case of E.E. Leach, Inc. v. James, 127 N.J.L. 318, 320 (Sup. Ct. 1941), our former Supreme Court held that a municipality "cannot, by ordinance, provide a new method to collect delinquent taxes." Rhyne, in his work on municipal law, indicates that state legislators may prescribe the method of enforcing collection of taxes. Taxes are not debts, but are wholly the creatures of statute, and when the statute provides a method of collection of taxes under given circumstances, that method is exclusive." Rhyne, op. cit., § 28-16, at 703.
New Jersey has passed legislation which specifically provides the manner in which delinquent real property taxes *440 are to be collected. N.J.S.A. 54:5-1 et seq. N.J.S.A. 54:5-19 states that when taxes are in arrears, as defined therein, "the collector or other officer charged by law in the municipality with that duty, shall * * * enforce the lien by selling the property in the manner set forth in this article." Specific means for the collection of real property taxes is thus provided for by statute.
The language of Chief Justice Vanderbilt in Magnolia Development Co., Inc. v. Coles, 10 N.J. 223 (1952), best sums up the scope of municipal power in a matter similar to the one presently before this court. In holding that a municipality must regulate new developments within the framework of the statutes provided for such purposes, he said:
* * * A municipality has only those powers which are granted to it by statute, albeit those powers by virtue of Article IV, Section VII, paragraph II, of the Constitution of 1947 are to be liberally construed:
"The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law."
But the constitutional mandate for the liberal construction of the powers of municipal corporations constitutes no warrant for their imposing conditions on the operation of a statute where the Legislature has not, as it has not here, authorized either expressly or by implication the imposition of such conditions. To permit a municipality to impose conditions outside the statute on the exercise of its statutory powers would inevitably result in the subversion of those powers to purposes never contemplated by the Legislature under the most liberal construction. [at 227]
In the present case defendant township is not without the power to impose conditions for the development of new areas within its boundaries. N.J.S.A. 40:55-1.1 to 1.29 (Planning Act). Defendant is also not without the power to collect taxes. N.J.S.A. 54:5-1 et seq. It does not, however, *441 have the power to impose a tax payment condition under the guise of an act which does not authorize this condition.
For the foregoing reasons the ordinances of West Milford Township which purport to condition subdivision approval on the payment of real estate taxes are hereby declared invalid. Since planning board approval was withheld solely for this reason, final approval is hereby ordered.
The motion for summary judgment is granted since there is no question of material fact and plaintiff is entitled to judgment as a matter of law. R. 4:46. Defendant's motion for summary judgment is denied.