140 N.J. Super. 220 (1976)
356 A.2d 20
APARTMENT MANAGEMENT COMPANY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF UNION AND RENT LEVELING BOARD OF THE TOWNSHIP OF UNION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 13, 1976.
Decided February 2, 1976.
*222 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Lowenstein, Sandler, Brochin, Kohl and Fisher, attorneys for appellant (Mr. Murray Laulicht and Mr. Gregory B. Reilly on the brief).
Mr. Julius R. Pollatschek, attorney for respondent Township Committee of the Township of Union (Mr. Donald G. Kein on the brief).
Mr. A. Irving Rosenberg, attorney for respondent Rent Leveling Board of the Township of Union, filed statement in lieu of brief.
PER CURIAM.
Plaintiff's complaint in lieu of prerogative writs challenged (1) the amendment to the Union rent control ordinance which limited annual rental increases on residential apartment leases to 5% of the rent provided in the previous year's lease and (2) defendants' interpretation of the tax surcharge provisions of § 5 of the ordinance.
Those portions of the judgment of the Law Division relating to the constitutional and exhaustion of administrative remedies issues raised by appellant are affirmed. Hutton Park Gardens v. West Orange Town Council, and Cosden v. Wayne Tp., 68 N.J. 543 (1975); Brunetti v. New Milford, 68 N.J. 576 (1975), and Troy Hills v. Parsippany-Troy Hills Tp., 68 N.J. 604 (1975).
*223 The only viable issue for our determination is whether, as a matter of statutory interpretation, the Union Rent Leveling Board erred when it interpreted the Union rent control ordinance to preclude appellant from passing on to its tenants the increases in real estate taxes from 1972 through 1974.
The tax surcharge sections of the Union rent control ordinance provide:
Section 5. A landlord may seek a tax surcharge from a tenant because of an increase in municipal property taxes. The tax surcharge shall not exceed that amount authorized by the following provisions. The landlord shall divide the increase in the present property tax over the property tax of the previous year by the number of square feet in the dwelling to obtain the tax increase per square foot. The tenant shall not be liable for a tax surcharge exceeding the tax increase per square foot multiplied by the number of square feet occupied by the tenant.
Section 6. Any landlord seeking a surcharge shall notify the tenant by certified mail of the calculations involved in computing the tax surcharge including the present property tax for the dwelling, the property tax for the dwelling for the previous year, the number of square feet in the dwelling, the tax increase per square foot, the number of square feet occupied by the tenant and the maximum allowable surcharge.
Section 7. The tax surcharge each tenant is liable for shall be paid in 6 monthly payments, commencing July 1st of each year.
Section 8. The tax surcharge shall not be considered rent for purposes of computing cost of living rental increases.
Plaintiff asserts that in 1973 the property taxes paid on its property in Union increased by $11,025.57 over the 1972 level. This increase was passed on to the tenants by way of tax surcharge. In 1974 the property tax increased by $27,196.40 over the 1972 level and by $16,170.83 over the 1973 level.
It is plaintiff's contention that the phrase "property tax of the previous year" means that the previous year is the year prior to the enactment of the ordinance in 1972. Defendants and the trial judge construed "previous year" to be the year 1973 in the case of the amount of tax surcharge to *224 be passed on for 1974's increased property taxes. Plaintiff argues that in 1974 it would be allowed to apportion the tax increase during the 1972 through 1974 period among its tenants. Defendants assert that in 1974 plaintiff would be allowed to apportion the tax increase only from the 1973 property tax level, i.e., the previous year, with the end result that in 1974 plaintiff would have to absorb the increase which occurred from 1972 through 1973.
We are, of course, mindful that constitutional provisions do not require that rent control ordinances allow landlords to recover all increases in their operating expenses; they require only that the landlord be permitted to obtain a just and reasonable return. Brunetti, supra 68 N.J. 576. However, in seeking to construe the provisions of the Union rent control ordinance, the principle and policy of the ordinance should be given expression rather than the literal sense of the particular terms, standing alone. The particular words are to be made responsive to the essential principle of the law. Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378-379 (1956). See also, Sandler v. Springfield Tp. Bd. of Adj., 113 N.J. Super. 333, 345 (App. Div. 1971), where, after citing Alexander, supra, the court stated "[E]ven specific language may be avoided to escape a result it would be `inconceivable' to think the Legislature intended." Statutes are to be interpreted in the light of their purpose and logic. New Jersey Property-Liability Ins. Guar. Ass'n v. Sheeran, 137 N.J. Super. 345 (App. Div. 1975); 2A Sutherland, Statutory Construction (4 ed. Sands 1972), § 45.05; N.J. Builders, etc. Ass'n v. Blair, 60 N.J. 330, 338 (1972).
The rent control ordinance in its preamble refers to the exorbitant demands for increased rent and the hardship such increases would cause for the citizens of the township. In order to control rent increases the township committee placed a 5% ceiling on such increases while permitting a landlord *225 to recoup increased municipal property taxes by apportioning the increase among his tenants by way of a surcharge.
It is our view that an interpretation requiring a landlord in any given year to absorb the increases in taxes for every past year, except the last year, is contrary to the design and intent of the ordinance,  to pass along tax increases to the tenants. See Albigese v. Jersey City, 127 N.J. Super. 101, 120 (Law Div. 1974) (wherein the court disapproved of an ordinance provision which compelled the landlord to absorb a substantial portion of a tax increase), mod. on other grounds, 129 N.J. Super. 567 (App. Div. 1974). Rather, the plain intent of §§ 5 and 6 of the ordinance is to permit a landlord to pass on to his tenants the cumulative amount of all real estate tax increases occurring after the rent control ordinance went into effect. To accomplish this intent, the phrase "the previous year" in §§ 5 and 6 must be interpreted to mean the year "previous" to the enactment of the ordinance, i.e., 1972. Accordingly, a landlord may each year surcharge for the difference between the present tax and the tax for 1972, which was the tax for the "previous year" when this ordinance was first enacted.
The judgment of the Law Division is affirmed except for that portion thereof which sustains the action of the Union Rent Leveling Board in disallowing appellant's 1974 tax surcharge. The judgment of the Law Division is to that extent reversed and plaintiff is entitled to surcharge its tenants for the difference between its real estate taxes in the years 1972 and 1974, rather than the difference between the real estate taxes in 1973 and 1974.