150 N.J. Super. 448 (1977)
375 A.2d 1240
DOME REALTY, INC., ET AL., PLAINTIFFS-RESPONDENTS,
v.
CITY OF PATERSON ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 23, 1977.
Decided June 8, 1977.
*450 Before Judges CARTON, KOLE and LARNER.
*451 Mr. Joseph A. La Cava, Paterson Corporation Counsel, attorney for appellants (Mr. Henry Ramer, First Assistant Corporation Counsel, of counsel and on the brief).
Mr. Meyer Lobsenz, attorney for respondents (Mr. Theodore A. Lobsenz, on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
This appeal involves the constitutionality of a provision of the rent control ordinance of the City of Paterson which establishes a condition precedent to the right of a landlord to recover from tenants the amount of an increase in real estate taxes through a tax surcharge. The ordinance generally permits a landlord to pass on to tenants the amount of any annual increase in taxes. However the clause in question provides (§ 13B):
No landlord may seek a tax surcharge from a tenant nor may the Board or Administrator approve a request for a surcharge if said landlord is in arrears of taxes due and payable to the City.
Plaintiffs own and operate multiple apartment dwellings in the City of Paterson which are subject to the municipal rent control ordinance. They filed a complaint attacking several provisions of the ordinance, and after the issuance of an order to show cause the judge granted summary judgment invalidating §§ 24 and 13B of the ordinance and enjoining the enforcement thereof, and directing the city to allow a credit to plaintiffs for tax reductions ordered by the Division of Tax Appeals. The city's appeal is limited to that portion of the judgment relating to § 13B which requires that all taxes be paid as a precondition to the right to recover a tax surcharge from the affected tenants.
As a threshold issue not raised in the pleadings, the city asserts that there is no justiciable controversy because plaintiffs have not suffered injury. It notes that since there has been no tax increase in the City of Paterson, the ordinance provision has not been activated so as to affect plaintiffs *452 adversely and that the judgment below is but an advisory opinion. See Wagner v. Ligham, 37 N.J. Super. 430 (App. Div. 1955).
Although a court should not engage in rendering advisory opinions on abstract issues, it should not avoid its responsibility to determine the validity of legislation which may significantly affect plaintiffs and others similarly situated. See New Jersey Turnpike Auth. v. Parsons, 3 N.J. 235, 240 (1949). This is particularly true where the issue is purely that of the facial validity of the local legislation, is not dependent upon an exploration of underlying facts, and relates to probable prospective injury to the party litigants.
The comprehensive opinion of Justice Jacobs in Crescent Park Tenants Ass'n v. Realty Eq. Corp. of N.Y., 58 N.J. 98 (1971), presents the liberal approach of the New Jersey courts to standing and the requirement of a justiciable controversy, contrasting the New Jersey Constitution (Art. VI, § 1) with the Federal Constitution (Art. III, § 2) which limits jurisdiction to actual cases and controversies. Justice Jacobs stated:
Without ever becoming enmeshed in the federal complexities and technicalities, we have appropriately confined litigation to those situations where the litigant's concern with the subject matter evidenced a sufficient stake and real adverseness. In the overall we have given due weight to the interests of individual justice, along with the public interest, always bearing in mind that throughout our law we have been sweepingly rejecting procedural frustrations in favor of "just and expeditious determinations on the ultimate merits." [at 107-108]
See also, Walker, Inc. v. Stanhope, 23 N.J. 657 (1957); Koons v. Atlantic City, 134 N.J.L. 329, 338 (Sup. Ct. 1946), aff'd 135 N.J.L. 204 (E. & A. 1947).
It is manifest that plaintiffs herein are not mere strangers or interlopers in this litigation. By virtue of their ownership of properties which will be affected by the ordinance provision as the tax structure may change from *453 year to year, they have a real stake and adverseness in the controversy. It would be unfair and unrealistic for the court to withhold its jurisdiction until these plaintiffs are in fact deprived of rent increases when a municipal tax increase comes into being.
The city also raises the specter of failing to exhaust administrative remedies as a bar to relief. It urges that plaintiffs should have sought relief through the machinery of the Rent Control Board created by the ordinance, before invoking the jurisdiction of the court. This defense is clearly without merit. Where the attack involves the facial constitutionality of the ordinance  a purely legal issue  the local board has no power or jurisdiction to entertain the same. See Schwartz v. Essex Cty. Bd. of Tax., 129 N.J.L. 129, 132 (Sup. Ct. 1942), aff'd 130 N.J.L. 177 (E. & A. 1943). An administrative proceeding before the board would have been an idle gesture. See Brunetti v. New Milford, 68 N.J. 576, 591 (1975); Matawan v. Monmouth Cty. Tax Bd., 51 N.J. 291, 297 (1968); Nolan v. Fitzpatrick, 9 N.J. 477, 486 (1952).
We now turn to the substantive issue involved in this appeal, namely, whether the municipality has the power to legislate that a property owner pay all taxes in arrears or be subject to the deprivation of the right to a tax surcharge from his tenants  a right guaranteed to the landlord by the same local legislation.
There is no further doubt as to the power of a municipality to enact rent control ordinances (Inganamort v. Fort Lee, 62 N.J. 521 (1973)), provided they pass constitutional muster by permitting a landlord a just and reasonable return on his investment. See Hutton Pk. Gardens v. West Orange Town Council, 68 N.J. 543 (1975); Brunetti v. New Milford, supra; Troy Hills Village v. Parsippany-Troy Hills Tp. Council, 68 N.J. 604 (1975).
Thus a municipality has the power to permit or not permit a rent increase by means of a tax surcharge keyed to a tax increase, and failure to make such provision *454 is not fatal so long as the overall constitutional test of a fair return is met. However, if an ordinance permits such a tax surcharge it must be accomplished by means which are rationally related to the overall purpose of the rent control enactment and in harmony with state legislation on the subject matter.
The condition imposed by the city herein upon the right to recover a tax surcharge from tenants is obviously intended to create a tax collection device for the benefit of the municipality. As such it has no rational relationship to rent control or stabilization  the essence of the ordinance of which it is a part. In effect, it superimposes a penalty upon landlords who are delinquent in tax payments by depriving them of the right to recover the tax surcharge which is granted to landlords who are current in their tax payments.
In our opinion the imposition of such a condition or penalty is oppressive, arbitrary and unreasonable in its total lack of rational nexus with the legislative authority of a municipality to enact a rent control ordinance. See Modular Concepts, Inc. v. So. Brunswick Tp., 146 N.J. Super. 138, 145-146 (App. Div. 1977).
There is another ground for invalidating the section under consideration. It constitutes an invasion of a field of legislation preempted by state statutes.
When a municipality enters the field of enforcement of tax collections its power is limited by the state legislation on the subject. The Legislature has adopted a series of statutes which spell out in comprehensive fashion the powers and rights of municipalities in the enforcement and collection of taxes on real estate. See N.J.S.A. 54: 5-6 to 54:8-16. Through these enactments it has set forth the exclusive means available to a municipality to enforce tax liabilities. See E.E. Leach, Inc. v. James, 127 N.J.L. 318, 320 (Sup. Ct. 1941); Halenbeck v. Hoboken Mayor, etc., 121 N.J. Eq. 49 (E. & A. 1936); Rhyne, Municipal Law, § 28-16 at 703 (1957). This includes the imposition *455 of a lien on the real estate, with remedies for foreclosure and sale to satisfy the municipal tax indebtedness, without creating personal liability on the property owner.
By this comprehensive legislation the Legislature has thus preempted the field so that municipalities are without power to create methods for collection of delinquent taxes which add to or conflict with the statutory remedies. See Overlook Terrace Manag. v. West New York Rent Control Bd., 71 N.J. 451, 461 (1976); Ringlieb v. Parsippany-Troy Hills Tp., 59 N.J. 348 (1971); State v. Ulesky, 54 N.J. 26, 30-31 (1969); Auto-Rite Supply Co. v. Woodbridge Tp., 25 N.J. 188, 195-196 (1957); cf. Leone Management Corp. v. West New York Bd. of Comm'rs., 130 N.J. Super. 569, 580-581 (Law Div. 1974).
The creation of the additional penalty in the Paterson ordinance through the indirect means of a precondition to recovery of a tax surcharge is beyond the power of the municipality and is therefore unconstitutional on its face. See Modular Concepts, Inc. v. So. Brunswick Tp., supra; State v. Laurel Mills Sewerage Corp., 46 N.J. Super. 331 (App. Div. 1957); Sussex Woodlands, Inc. v. West Milford Tp., 109 N.J. Super. 432 (Law Div. 1970).[1]
As a final thrust, the city points to N.J.S.A. 54:4-132 which is part of an act adopted in 1939 creating an additional remedy for satisfaction of delinquent taxes through appointment of a rent receiver. See N.J.S.A. 54:4-123 to 132. The last section provides that the remedy of a rent receivership for collection of delinquent taxes is not in lieu of any other available remedy, but in addition to all other remedies.
*456 Appellant argues that this latter provision "has left room for local innovation in this area." Such an observation is specious. The provision merely makes it clear that the remedy of a rent receiver is an additional alternative to other remedies in the statutory scheme.
Affirmed.
NOTES
[1] The legal principle of Sussex Woodlands, Inc. is still viable under the facts of this case despite the statutory amendment permitting denial of a subdivision where taxes are in default. See N.J.S.A. 40:55-1.14 and 40:55D-39(e). In fact, such legislative authorization supports the conclusion of lack of municipal power in the absence of State legislation.