WARWICK RALEIGH COMPANY, PLAINTIFF-RESPONDENT, BALLY WARWICK, INC., INTERVENOR-RESPONDENT, v. CITY OF ATLANTIC CITY AND WARWICK APARTMENTS TENANTS ASSOCIATION, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 29, 1979—Decided June 8, 1979.

Before Judges Conford, Pressler and King.

*Mr. Bruce F. Weekes,* Assistant City Solicitor, argued the cause for defendant-appellant City of Atlantic City (*Mr. Emanuel L. Levin,* City Solicitor, attorney).

*Mr. Seth Grossman* argued the cause for defendant-appellant Warwick Apartments Tenants Association.

*Mr. Mark Soifer* argued the cause for plaintiff-respondent (*Messrs. Horn, Kaplan, Goldberg & Gorney,* attorneys).

*Mr. Jerald D. Baranoff* argued the cause for intervenor-respondent (*Messrs. Sills, Beck, Cummis, Radin & Tischman,* attorneys; *Mr. Stanley Tannenbaum,* of counsel).

The opinion of the court was delivered by
Conford, P. J. A. D. (retired and temporarily assigned). The basic question presented on this appeal is the interpretation of the "tax surcharge" provisions of the Atlantic City rent control ordinance adopted in 1973. The city and the tenants' association contend a landlord may surcharge the tenants only the tax increase of the current tax year over the next prior year. Plaintiff and the intervenor claim the surcharge extends to the aggregate tax increase of the current year over the base year specified by the ordinance — here the year prior to the adoption of the ordinance, 1972. We are satisfied the latter represents the true intent of the ordinance; this court has previously so held as to a

substantially similar tax surcharge provision in *Apartment Managem. Co. v. Union Tp. Comm.*, 140 *N. J. Super.* 220 (App. Div. 1976).

█ The material provisions of the instant ordinance read as follows:

SECTION 4. During the existence of a housing state of emergency a landlord may seek a tax surcharge from the tenant because of an increase in municipal property taxes over the tax for 1972. The tax surcharge shall not exceed that amount authorized by the following provisions. The landlord shall divide the increase in the present property tax over the property tax of 1972 by the total square feet in the dwelling to obtain the tax increase per square foot. The tenant shall not be liable for a tax surcharge exceeding the tax increase per square foot multiplied by the number of square feet occupied by the tenant plus a proportionate share of the square footage of the common areas, including hallways and grounds.

Any landlord seeking a tax surcharge shall notify the tenant by certified mail or personal service of the calculations involved in computing the tax surcharge including the present property tax of the dwelling, the property tax for the dwelling for the previous year, the number of square feet in the dwelling, the tax increase per square foot, the number of square feet occupied by the tenant, the proportionate share of common area charged to the tenant, and the maximum allowable surcharge. Failure of the landlord to provide the tenant with this information shall make any tax surcharge void and the tenant shall recover for any tax surcharge paid unless a Court finds that the omission was excusable taking into consideration the owner's good faith, education, and extent of ownership of property. The tax surcharge each tenant is liable for shall be paid in twelve monthly payments. * * *

As two points in the first paragraph of § 4 there are references to the increase in current taxes over the tax for 1972. It is perfectly obvious that the intent of the ordinance is that the landlord may pass on to the tenants, over and above any other upward rent adjustments allowed by the ordinance, the full amount of the difference in taxes between those of any subsequent lease year and those of the base year 1972. To allow the landlord in 1978, for example, only a tax surcharge for the excess, if any, of 1978 taxes over 1977 taxes would compel the landlord to absorb the

entire increased tax expense through 1977; and as the years went by, taxes generally increasing, the landlord would be bearing a progressively increasing percentage of the total tax increase since 1972. We are satisfied that this is patently contrary to the legislative intent. See *Apartment Managem. Co. v. Union Tp., Comm., supra,* 140 *N. J. Super.* at 225.

The tenants' association argues that its position is justified by the fact that the ordinance allows a rent increase equal to increases in the consumer price index and that the latter criterion includes a substantial factor for taxes and rents — therefore, the landlord has already been compensated for the tax increase through the consumer price index. Apart from the statistical unsoundness of the contention, the argument proves too much, for it logically would nullify the tax surcharge even for the increase over the next prior year.

In further support of its position the tenants' association points to the requirement in the second paragraph of § 4 of the ordinance quoted above, that a landlord seeking a tax surcharge must notify the tenant, among other things, of "the property tax for the dwelling for the previous year." Even if this means the next preceding year, rather than the previous base year, as held in the *Apartment Manage.* case cited above, 140 *N. J. Super.* at 225, the draftsman apparently assumed the tenant would know from tax surcharge notices in prior years what the cumulative tax increase amounted to for prior years and would need to be informed of only the tax increase from the next preceding year. In any event, the second paragraph cannot gainsay the clear and unequivocal direction in the first paragraph that the tax surcharge includes all increases in taxes over the 1972 base year.

The tenants' association argues that the failure of the landlord, in any of the years between 1973 and 1978, to request the tax surcharge from the tenants constitutes a waiver as to 1978 and future years of the tax surcharge allowed by the ordinance, in respect of the increases in those earlier years. We find the contention meritless. A voluntary forbearance by the landlord of his entitlement for a particular

year or years is no legitimate or equitable basis for construing the ordinance to deprive him of what the ordinance allows him in any later years.

The tenants' companion contentions based on unclean hands and estoppel are equally without merit.

We also reject as meritless the city's argument that summary judgment should not have been granted in favor of plaintiff as a material issue of fact was presented by affidavits made by Atlantic City commissioners to the effect that the intent of the disputed section of the ordinance was as is now contended by the city. The affidavits were filed *post litem motan* and have little or no weight. They cannot derogate from the court's duty to construe the ordinance section in the light of its language and its manifest objects and purposes revealed by the ordinance as a whole.

The tenants' association makes an additional point with which we find ourselves in agreement. Conceding, *arguendo,* that the tax surcharge section is to be construed as contended for by plaintiff, the association argues that the measure of the increase for the lease year beginning June 1, 1978 should have been the difference between the taxes for the tax year *1978,* rather than *1977,* and those of the base year. They are motivated to take this position because 1978 taxes went down from those of 1977 as a result of a tax rate reduction. The contrary argument of plaintiff is based upon a provision of the lease agreements requiring notification to the tenants by January preceding the end of the lease year in May as to the terms of the lease renewal, and the fact that the 1978 tax debt was not known until the tax rate was struck — ordinarily some time in April. The argument will not hold. Although the ordinance does not specify the date on which notice of the tax surcharge must be given, we are clear that the intent of the ordinance, in relation to a lease year beginning on June 1, 1978, is that the surcharge will be based on taxes for the tax year 1978, not 1977. Note that under § 3 of the ordinance all increases allowed a landlord are to take effect at the expiration of the lease term and

not before. If the landlord, under the lease agreement, is required to notify the tenant of the terms of the renewal lease at a time prior to the fixing of the tax obligation for the current year the notice can be given subject thereto.

The judgment of the trial court is modified to reflect the last stated holding herein, and as thus modified is affirmed. No costs.