215 N.J. Super. 255 (1987)
521 A.2d 900
KIM REAL ESTATE ENTERPRISES; PANDIS REALTY CORP.; HERMAN WEISSBARD & HELEN WEISSBARD; HERMAN WEISSBARD & I. HIRSCH; V.J.R. DISPOTO; F. WILLIAM KOESTNER, JR.; COTTAGE GROUP; F. WILLIAM KOESTNER, JR., & ANTHONY IAFELICE T/A K. & I. LAUNDROMAT; F. WILLIAM KOESTNER, JR., T/A SADDLE HILL; BRUGGER-BERGEN CO., AND MICHAEL & ROSEMARY ARIA, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF NORTH BERGEN; MAYOR AND COMMISSIONERS OF THE TOWNSHIP OF NORTH BERGEN AND NORTH BERGEN RENT LEVELING BOARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1987.
Decided February 23, 1987.
*256 Before Judges KING, HAVEY and MUIR, Jr.
Joseph A. Pojanowski, III, argued the cause for appellants (Joseph A. Pojanowski, III, on the letter brief).
Donald A. Caminiti argued the cause for respondents (Breslin and Breslin, attorneys; Donald A. Caminiti of counsel; Brian T. Campion on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
This appeal involves the interpretation of a tax surcharge provision in a rent leveling ordinance which permits landlords to pass through to tenants tax increases from the "previous year." Plaintiffs contend that "previous year" means the year previous to enactment of the ordinance. They argue that to interpret the term to mean the immediate preceding calendar year would "strip" them of "a substantial monetary vested right" to a tax pass-through for the accrued increases since 1972. We reject the contention and affirm.
In 1973 defendant Township of North Bergen adopted a rent leveling ordinance regulating multi-family residential structures. The ordinance permitted landlords to collect a tax surcharge from tenants as a result of an increase in municipal property taxes, based on the increase in taxes "... over the property tax for 1972[.]" The tax surcharge provision was amended in 1982 to provide as follows:
A landlord may seek a tax surcharge from a tenant as a result of an increase in municipal property taxes.... The landlord shall divide the increase in the *257 present property tax for the dwelling over the property tax for 1972 by the number of rooms in the dwelling.... [Section 7, emphasis added].
In 1985 the provision was again amended to provide, in applicable part:
The tax surcharge shall not exceed the amount authorized by the following provision: The landlord shall divide the increase in the present property tax for the dwelling over the property tax for the previous year by the number of rooms in the dwelling, to obtain the tax increase per room. [Emphasis added].
Defendant North Bergen Rent Leveling Board (Board) interpreted the phrase "previous year" in the 1985 amendment to mean that landlords were entitled to pass through to tenants only the increase from the immediate preceding calendar year.
Plaintiffs, owners of multi-family units regulated by the ordinance, instituted this action in lieu of prerogative writs challenging the Board's method of calculating the surcharge. They sought judgment declaring that the term "previous year" in the 1985 amendment was intended to refer to the year previous to the enactment of the ordinance, or in the alternative a declaration that the amendment was unconstitutional "as applied". At cross-motions for summary judgment, the Law Division Judge entered judgment in defendants' favor, concluding that the amendment clearly intended to refer to the immediate preceding calendar year. The judge dismissed the constitutional challenge, suggesting that a plenary hearing in a separate action was necessary to address that contention.
We agree with the Law Division judge that the 1984 amendment intended to permit a tax pass-through only for increases from the immediate preceding calendar year. In construing a municipal ordinance, we apply the same rules of construction as are applied to statutes. See AMN, Inc. v. So. Bruns. Tp. Rent Leveling Bd., 93 N.J. 518, 524-525 (1983); Matlack v. Burlington Cy. Bd. of Chosen Freeholders, 194 N.J. Super. 359, 361 (App.Div.), certif. den. 99 N.J. 191 (1984). Courts must refrain from usurping the legislative body when its intent is clearly expressed. Tewksbury Tp. v. Jersey Cent. Power & Light, 159 N.J. Super. 44, 51 (App.Div. 1978), aff'd o.b. 79 N.J. 398 (1979). *258 When the language of the ordinance is clear and unambiguous on its face, we need not look beyond the literal dictates of the words to divine the legislative intent. State v. Butler, 89 N.J. 220, 226 (1982); Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277 (1956). If the legislative wording is precise and free from ambiguity, our duty is to construe and apply the legislation as enacted. In re Jamesburg High School Closing, 83 N.J. 540, 548 (1980). We may not presume the legislative body "... intended something other than what it expressed by its plain language." Ibid.
Here, the language of the 1985 amendment could not be any clearer. The 1973 ordinance and 1982 amendment expressly permitted the tax pass-through of increases "... over the property tax for 1972[.]" By adding the term "previous year" and deleting reference to the 1972 tax, there can be no doubt that the governing body intended to amend the provision to limit tax pass-throughs to increases from the immediate preceding year. In the circumstances, we are bound by that clear legislative expression.
Plaintiffs' reliance on Apartment Manage. Co. v. Tp. Comm. of Union Tp., 140 N.J. Super. 220 (App.Div. 1976), and Warwick Raleigh Co. v. City of Atlantic City, 168 N.J. Super. 576 (App.Div. 1979) is misplaced. In Apartment Manage. Co., we held that the term "the previous year" in a similar tax surcharge provision was intended to refer to the year prior to the effective date of the ordinance. Apartment Manage. Co. v. Tp. Comm. of Union Tp., supra, 140 N.J. Super. at 225. In Warwick Raleigh Co., the tax surcharge provision expressly referred to increase in tax "over the property tax of 1972." We concluded that it was "perfectly obvious" that the ordinance intended to permit tax pass-through for all increases since the base year 1972. Warwick Raleigh Co. v. City of Atlantic City, supra, 168 N.J. Super. at 579-580. However, in neither case was there a clear legislative history, as we have here, expressing the governing body's intent to modify the surcharge *259 to permit only pass through of tax increases from the immediate preceding year.
Plaintiffs had no "vested" right to a tax surcharge for the entire increase in taxes since 1972. A municipality has the power to permit or not permit a tax pass-through to tenants and the failure to make such provision is not fatal so long as the entire rent leveling ordinance meets the constitutional test of providing a fair and reasonable return. Dome Realty, Inc., et al. v. Paterson et al., 150 N.J. Super. 448, 453-454 (App.Div. 1977). If a tax surcharge is allowed, it must be compatible with the overall purpose of the rent control enactment. Ibid. Constitutional provisions do not require that rent control ordinances allow landlords to recover all increases in their operating expenses. Brunetti v. Borough of New Milford, 68 N.J. 576, 597-598 (1975). The regulatory scheme is not required to take a particular predetermined form, so long as the scheme is not wholly arbitrary and unreasonable. Hutton Pk. Gardens v. West Orange Town Council, 68 N.J. 543, 569 (1975). It need only permit the efficient operator to enjoy a "just and reasonable" return on its property. Mayes v. Jackson Tp. Rent Leveling Bd., 103 N.J. 362, 367 (1986).
The North Bergen ordinance permits a maximum annual 2 1/2% increase over the last prior base rent during any calendar year. However, it also permits an increase for hardship. Landlords having 10% or more equity may apply for an increase if their annual operating expenses exceed 75% of total annual gross income. Thus, plaintiffs here may pass the entire tax increase from the preceding year directly to the tenants and include the remaining increase since 1972 as an annual expense in calculating its operating costs. If their operating expenses exceed 75% of their total annual gross income, they are entitled to a hardship increase to the extent that operating expenses are reduced to the 75% threshold. Any hardship granted becomes part of the landlord's base rent and is charged to the tenants in succeeding years. It is therefore clear that plaintiffs are not *260 compelled to "absorb" the entire tax increase since 1972, as they claim.
Plaintiffs asserted at oral argument that it was unfair to require them to proceed with a hardship variance because of the time and expense incident to such an application. The North Bergen ordinance, in our view, provides for a relatively prompt disposition of hardship applications. A hearing must be held no later than 45 days from the date of a complete application and the Board must render its decision within 45 days of the conclusion of the hearing. Absent here is the "regulatory lag" which may add to the confiscatory nature of a rent control ordinance. See e.g. Helmsley v. Borough of Fort Lee, 78 N.J. 200, 229 (1978). Moreover, as earlier observed, hardship increases are added to the base rent, thus relieving landlords from having to reapply annually to maintain the increase. See Parks v. Tenants Ass'n of Holly Hill, 213 N.J. Super. 511, 520 (App.Div. 1986). In any event, if plaintiffs claim that the North Bergen ordinance is confiscatory, their remedy is to challenge the ordinance as a whole in a separate action.
Affirmed.