**BOWLES, Adm'r Office of Price Administration, v. SLATER et al.**

**Civ. A. No. 4319.**

District Court, E. D. Michigan, S. D.

Feb. 28, 1945.

Theron M. Hall and C. Walter Healy, both of Detroit, Mich., for plaintiff.

Robert D. Heitsch, of Pontiac, Mich., for defendants.

MOINET, District Judge.

The report of Donald L. Quaife, Special Master, of this Court, to whom this matter was referred for the purpose of taking testimony and making findings of fact and law, and his recommendations thereon having been duly filed in this Court, and the plaintiff herein having filed his objections to the adoption and confirmation of said report, which objections said plaintiff later withdrew; and the defendants herein having filed their objections to the adoption and confirmation of said report, and the parties hereto by their respective counsel having had full opportunity to be heard upon said report and objections filed by said defendants and;

The Special Master having found, as the facts in the case, that the defendants herein did, upon the so-called freeze date of the Rent Regulation in the City of Pontiac, County of Oakland, State of Michigan, to-wit, the first day of April 1941, have in effect a policy or practice of making an allowance or discount of $1 per month from the stipulated rent to all tenants who paid their rent on or before the due date thereof, and that another or additional allowance or discount of $1 per month was given upon the rent of all tenants who had previously rented defendants' housing accommodations for a period of more than two years, and that the giv-

ing of the foregoing allowances or discounts was a relatively fixed policy and was applied with regularity to all tenants coming within the respective classes, and further that the Rent Regulation was effective in the Pontiac Area as of June 1, 1942 and provided that the rent charged by landlords in that area on April 1, 1941 constituted the maximum rent which could be charged on and after June 1, 1942, and that the defendants herein discontinued their policy with respect to the allowances or discounts in both of those aspects in April 1942, and upon the registration statements filed with the Office of Price Administration pursuant to the Rent Regulations, defendants listed the base rents without any allowances or discounts as the rent charged their tenants on April 1, 1941 and;

The Special Master having found, as conclusions of law, that the actions of the defendants in discontinuing the allowances or discounts aforesaid in April of 1942 were in violation of the Rent Regulation aforesaid and were intentional, and the defendants intended to continue said actions unless enjoined from so doing, and that the Rent Regulations are constitutional and valid, and further that the Administrator had authority to, and did, delegate authority to the District Enforcement Attorney of the Detroit District Office of the Office of Price Administration to institute this action and did subsequent to the institution of same by the said District Enforcement Attorney ratify his action in so doing, and that whereas Section 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(a), speaks of an application for an order "enforcing compliance" and provides for the issuance of an "injunction, restraining order, or other order" in applicable cases, the term "injunction" was intended to include mandatory as well as restraining injunctions and that the mandatory injunction should be granted where necessary to put an end to a continuing violation of the Act, and considering the broad language of Section 205(a) of the Act, and the trend of judicial decisions on the point, the Court has jurisdiction to order the restitution by defendants to their tenants of the amounts of past overcharges made since the effective date of the Regulation by failure to deduct the allowances or discounts in question and further that there is no statutory warrant to require the de-

fendants to pay to the Treasurer of the United States the amount of any overcharges which have not been refunded within six months after the issuance of the injunction.

It is therefore ordered, adjudged and decreed that the defendants herein and each of them, their servants, agents and employees and all persons in active concert or participation with them are hereby permanently enjoined and restrained from:

1. demanding and receiving rents from any properties owned and/or operated by the defendants and occupied as dwelling units, in excess of the rents charged for said properties on April 1, 1941.

2. discontinuing any policy or practice in effect on April 1, 1941 whereby defendants granted an allowance or discount to all tenants who paid their rent on or before the due date thereof.

3. discontinuing any policy or practice in effect on April 1, 1941 whereby defendants granted an allowance or discount upon the rents of all tenants who had continuously rented defendants' housing accommodation for a period of more than two years.

4. violating any provisions of the Emergency Price Control Act of 1942, as amended and of the Rent Regulations as now or hereafter amended.

And that by way of affirmative relief, defendants herein shall,

1. forthwith file with the Area Rent Director of the Pontiac Defense-Rental Area true, complete and correct registrations as required by the Regulation for all properties owned or managed by them.

2. within a period of 30 days from the date hereof, prepare and submit to plaintiff's attorneys a complete and accurate list of the names of all tenants in, or formerly in, any housing accommodation owned and/or managed by them, or any of them, since the first day of June 1942, who have paid or been charged rent in excess of the rent which defendants could lawfully demand and receive under the regulations and that such lists show the amount of each such overcharge.

3. that within a period of 30 days from the date hereof, said defendants shall prepare and submit to the plaintiff's attorneys a complete and accurate list of all sums due all tenants and former tenants in any housing accommodations owned or managed

by defendants, or any of them, since the first day of June 1942 who have paid or been charged rent in excess of the rent which defendants could lawfully charge after the deduction by way of allowances or discounts as aforesaid, have been made, and that such list show the amount due each tenant and former tenant by reason of the discontinuance of such allowances or discounts.

4. that within a period of 30 days from the date hereof, said defendants shall make refunds to all tenants and former tenants of all amounts due them as shown by the lists aforesaid and shall submit evidence thereof to the plaintiff's attorneys.