127 N.J. Super. 123 (1974)
316 A.2d 494
WOODCLIFF MANAGEMENT, PLAINTIFF,
v.
TOWNSHIP OF NORTH BERGEN, A MUNICIPAL CORPORATION, MAYOR AND BOARD OF COMMISSIONERS OF TOWNSHIP OF NORTH BERGEN, EMERGENCY RENT LEVELING COMMISSION, DEFENDANTS. INDEPENDENCE ASSOCIATES, PLAINTIFF,
v.
TOWNSHIP OF NORTH BERGEN, A MUNICIPAL CORPORATION, MAYOR AND BOARD OF COMMISSIONERS OF TOWNSHIP OF NORTH BERGEN, EMERGENCY RENT LEVELING COMMISSION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 23, 1974.
*124 Mr. Harvey M. Douglen for plaintiffs (Messrs. Stier and Douglen, attorneys).
Mr. Leon S. Wolk, Assistant Township Attorney, for defendants.
LARNER, A.J.S.C.
These consolidated actions attack the validity of a number of the provisions of the Rent Stabilization Ordinance adopted by the Township of North Bergen. Ordinance 1577-71, December 16, 1971, as amended by Ordinance 1663-73, June 21, 1973. The cases were heard in a summary manner on the return date of an order to show cause pursuant to a stipulation that a housing emergency existed in the township and that the issues for determination by the court were purely legal in nature and limited to the validity of the particular ordinance provisions under attack.
The pattern of the ordinance is substantially similar to that of the Rent Stabilization Ordinance of the City of Jersey City which was considered by this court in Albigese v. Jersey City, 127 N.J. Super. 101 (1974). The determination of the comparable issues in Albigese are incorporated *125 herein and adopted as the conclusions of the court controlling the parties to this litigation.
Nevertheless, plaintiffs herein advance an additional facet of constitutional infirmity which requires exploration and decision by the court. They attack the validity of § 5 of the ordinance:
Any rent increase imposed after January 11, 1973, the date of the expiration of Federal price controls, to the extent that such increase is in excess of that which is permitted by this Ordinance is hereby declared to be null and void and such excess rent shall be refunded to the tenant by the landlord forthwith. [Emphasis supplied]
Plaintiffs, pursuant to leases with tenants, collected rents between January 11 and June 22, 1973 which were in excess of that allowed by the June amendment. The validity of the retroactive effect of the ordinance on contracts entered into between the rollback date of January 11 and the effective date of the ordinance has been sustained by the court in Albigese as a reasonable exercise of police power. The narrow issue remaining for determination therefore is whether the municipality may compel a landlord to refund the excess rentals paid by tenants before the effective date of the ordinance.
It is urged by plaintiffs that the right to retain the moneys already collected is a vested property right which is protected by federal and state constitutional limitations, and cannot be divested under the threat of prosecution for violation of the ordinance with potential penalties of fine and imprisonment.
It cannot be denied that the possession of moneys acquired through a consummated transaction has a vested characteristic which is distinguishable from a contract right that is only executory in nature. The latter right may be impaired by legislation which is reasonably necessary for the protection of the public within the ambit of police power reserved to the legislature. A vested property right, on the other hand, is protected by the Fourteenth Amendment of the *126 United States Constitution which prohibits the state from depriving any person of property without due process of law. See also N.J. Const. (1947) Art. I, par. 1. If the right is one which is clearly vested, it cannot be divested by a legislative enactment, albeit that enactment may otherwise constitute a valid exercise of police power. State v. Standard Oil Co., 5 N.J. 281, 293 (1950), aff'd 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1950); McAllister v. Board of Education, Kearny, 79 N.J. Super. 249, 261 (App. Div. 1963), aff'd 42 N.J. 56 (1964). See Memphis v. United States, 97 U.S. 293, 24 L.Ed. 920 (1877).
In Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N.J. 372 (1954), Justice Heher sought to arrive at a general definition of a vested right in harmony with the constitutional protection:
The term "vested right' 'is not defined in either the Federal or the State Constitution; but it would seem that, generally, the concept it expresses is that of a present fixed interest which in right reason and natural justice should be protected against arbitrary state action  an innately just and imperative right that an enlightened free society, sensitive to inherent and irrefragable individual rights, cannot deny. Such seems to be the principle of Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). [at 384]
See Engler v. Capital Management, 112 N.J. Super. 445, 447 (Ch. Div. 1970); Gilman v. Newark, 73 N.J. Super. 562, 598 (Law Div. 1962).
In the context of the standards set forth in Pennsylvania Greyhound Lines, Inc., supra, it is manifest that plaintiffs had a "present fixed interest" in the rent increases paid and received prior to the adoption of the regulatory legislation. In "natural justice" such a vested property interest is protected from retroactive action of the state or its subdivisions. The attempt of the North Bergen ordinance to compel divestiture of this vested interest is arbitrary and violative of the due process clause of the Constitution.
It must be emphasized, however, that this determination is limited to the application of the refund provision to rent *127 increases collected between January 11 and June 22, 1973. It does not affect the validity of the rollback provision limiting rentals collected after June 22 to the level existing January 11, nor the requirement of refund of excess rents collected after the adoption of the ordinance. Similarly, this ruling does not modify the court's determination that the retroactive invalidation of rent increases imposed by contracts entered into between January 11 and June 22, 1973 constitutes a valid implementation of the municipal police power.
The provision contained in § 5, par. (b), as amended, pertaining to refund of excess rents, is therefore declared void so far as it applies to such excess amounts collected by the plaintiffs between January 11 and June 22, 1973. The other provisions of the ordinance which were specifically criticized by plaintiffs in this litigation are held to be valid.