129 N.J. Super. 567 (1974)
324 A.2d 577
RICHARD J. ALBIGESE, TRADING AS DOMINION ENTERPRISES, PLAINTIFF-APPELLANT,
v.
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT. ROBERT GOLDBERG REAL ESTATE MANAGEMENT COMPANY, PLAINTIFF-APPELLANT,
v.
CITY OF JERSEY CITY, MUNICIPAL COUNCIL, RENT CONTROL BOARD, CITY ATTORNEY OF JERSEY CITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1974.
Decided August 7, 1974.
*568 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Joseph L. Freiman argued the cause for appellant Richard J. Albigese, trading as Dominion Enterprises.
Mr. Harvey M. Douglen argued the cause for appellant Robert Goldberg Real Estate Management Company (Messrs. Stier & Douglen, attorneys).
Ms. Eileen Tulipan Martini, Assistant Corporation Counsel, argued the cause for respondent City of Jersey City, a municipal corporation (Mr. Dennis L. McGill, Corporation Counsel, attorney), and respondent City of Jersey City, Municipal Council, Rent Control Board, City Attorney of Jersey City (Mr. Raymond A. Hayser, Acting Corporation Counsel, attorney).
PER CURIAM.
These two cases present challenges to the Rent Stabilization Ordinance of the City of Jersey City. All but one of the issues presented here were dealt with at the trial level in two opinions by Judge Larner. Albigese v. Jersey *569 City, 127 N.J. Super. 101 (Law Div. 1974) and Woodcliff Management v. North Bergen, 127 N.J. Super. 123 (Law Div. 1974). The latter has not been appealed, and decided an issue relative to the rent rollback provisions of the ordinance which was not raised at the trial level but which is raised here in both of the cases now before us.
Substantially for the reasons set forth by Judge Larner in Woodcliff Management v. North Bergen, supra, we modify the judgments under review to the end that any rent rollback in these matters be calculated in accordance with the decision in that case, and as so modified the judgments are affirmed essentially for the reasons set forth in Albigese v. Jersey City, supra.
The ordinance in question was effective March 12, 1973 and by its own terms was to remain in effect "for a period not to exceed one year from said effective date * * * unless specifically extended by the Municipal Council by Resolution extending said term from year to year." The additional issue presented to us, not ripe at the time of the decisions below, is whether the municipality has power to extend this ordinance by resolution.
It is a recognized tenet of municipal law that the term "ordinance" encompasses matters legislative in character, while the term "resolution" refers to matters administrative or procedural in nature. McLaughlin v. Millville, 110 N.J. Super. 200 (Law Div. 1970); O'Keefe v. Dunn, 89 N.J. Super. 383, 388 (Law Div. 1965), affirmed o.b. 47 N.J. 210 (1966); Woodhull v. Manahan, 85 N.J. Super. 157, 164 (App. Div. 1964), aff'd 43 N.J. 445 (1964); 5 McQuillin, Municipal Corporations, § 15.02 and § 16.42 (1969).
Unquestionably, the ordinance before us represents an exercise of legislative power. Thus, its enactment by ordinance and not by resolution was required. Amendment or reenactment of legislation required initially to be enacted by ordinance must be accomplished by the same means and may not be done by resolution. Kessler v. Passaic, 113 N.J. *570 Super. 59 (Law Div. 1971). As was stated in Chasis v. Tumulty, 8 N.J. 147 (1951):
Where the law requires a proceeding to be instituted by an ordinance it cannot be effected by resolution merely; the latter, wanting the solemnities of the former, is not regarded as a legal equivalent. [at 153]
Hence, the municipality's extension of the rent stabilization ordinance by resolution is invalid. Obviously, the municipality did not acquire a power denied to it by incorporating in the original enactment the provision for an extension by resolution rather than by the adoption of a new ordinance. That portion of the initial ordinance was invalid. See Hilton Acres v. Klein, 64 N.J. Super. 281, 295-296 (App. Div. 1960), mod. on other grounds 35 N.J. 570 (1961). We add that to require extension only by ordinance in a matter of public importance such as this serves the salutary objectives of public notice and participation and affords the opportunity for unhurried deliberation.