144 N.J. Super. 291 (1976)
365 A.2d 237
TOWNSHIP OF BERKELEY HEIGHTS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF BERKELEY HEIGHTS, AND CAMELOT CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS,
v.
STANLEY C. VAN NESS, PUBLIC ADVOCATE, DEPARTMENT OF PUBLIC ADVOCATE, STATE OF NEW JERSEY, AMICUS CURIAE.
Superior Court of New Jersey, Law Division.
Decided August 5, 1976.
*294 Mr. James J. Walsh for plaintiff Berkeley Heights Township.
Mr. Daniel Bernstein for defendant Berkeley Heights Board of Adjustment. (Messrs. Sachar, Bernstein, Rothberg, Sikora & Mongello, attorneys).
Mr. Robert Greenberg for defendant Camelot (Messrs. Greenberg & Feiner, attorneys).
Mr. Carl S. Bisgaier for Stanley C. Van Ness, Department of Public Advocate, amicus curiae.
FELLER, J.S.C., Retired, Temporarily Assigned on Recall.
This matter was heard on the return day of an order to show cause why the relief requested by plaintiff Berkeley Heights Township, affirming the legality of the appointment of John A. Lucido as public advocate for the township should not be granted. The appointment and Lucido's participation at the hearing before the board of adjustment were objected to by Robert Greenberg attorney for Camelot Corp., one of the defendants, who has applied for a variance before said board.
Daniel Bernstein, board attorney, did not appear, having stated that he has no objections to the appointment of Lucido, but suggested that Lucido should be prohibited from participation at the hearing until such time as a court order was obtained affirming the legality of this appointment. On the return day leave was granted Stanley C. Van Ness, Public Advocate, Department of Public Advocate of the State of New Jersey, to file a brief and argue before the court as amicus curiae. Amicus curiae submitted a brief and argued in favor of the appointment of Lucido.
The complaint for declaratory judgment filed in behalf of plaintiff alleges that the Township of Berkeley Heights appointed John A. Lucido as a public advocate to appear before the board of adjustment and the planning board, if necessary, *295 to represent the public interest of the township at large, as more fully set out in the resolution of appointment and affidavits attached.
The complaint further alleges that when Lucido appealed before the board of adjustment on June 7, 1976 to fulfill the function for which he had been appointed, an objection was raised by counsel for the appellant in the case on appeal before the board. The chairman then refused to allow Lucido to participate in the appeal until he should receive a ruling from a court of competent jurisdiction that Lucido had such authority. The township committee then authorized the township attorney to institute the necessary legal proceedings to obtain the necessary court ruling that would allow Lucido to fulfill his functions, as intended by the township committee.
The complaint states that no action is presently pending in any court involving the matter herein set forth and that the appeal presently being heard before the board of adjustment is a major one involving defendant Camelot Corp.; that there have been several special hearings already devoted to the Camelot Corp., and in the event that Lucido, the local public advocate, cannot take part in the appeal of Camelot Corp., then the very function for which he was appointed and the record to be received by the township committee upon which it must take action as the granting authority for the relief requested will be entirely frustrated and the township will suffer immediate and irreparable injury.
The complaint petitions the court to affirm that the appointment of Lucido as public advocate is a proper legal appointment of the Township of Berkeley Heights, in the best interest of the township.
The problems involved were recognized ten years ago by Judge Joseph Halpern in an address delivered at the special session on planning and zoning of the New Jersey League of Municipalities in which he stated as follows:
The applicant's attorney if he is well prepared, presents his client's case in the most favorable light and it is inadvisable to rely on the verbal protests of objecting neighbors to give you the factual *296 basis upon which you can act intelligently. Most of the records we see give only the applicant's side of the case  in such instances it is difficult, if not impossible, to sustain a Board's action in denying relief. [New Jersey Municipalities "An Assignment Judge's Views on Planning and Zoning" (January 1966)]
The solution to the problem, devised by plaintiff's resolution, provides a means by which the public interest is represented in proceedings of substantial public importance, while at the same time insuring that the local board and the township committee retain their necessary objectivity and neutrality. The local public advocate has the absolute discretion to determine which proceedings are of substantial public importance and thus require that the public interest be represented. Where the public advocate has determined that the public interest should be represented, he is free to participate in the proceedings, by presenting evidence, cross-examining other witnesses and presenting arguments.
The power of a municipal corporation to act on behalf of the welfare of its citizens must be liberally construed and include those implied powers "of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law." N.J. Const. (1947), Art. IV, § VII, par. 11.
The Supreme Court has established standards of review of the power of municipal corporations to act to satisfy locally determined needs. In Whelan v. N.J. Power & Light Co., 45 N.J. 237, 251, (1975), the court held: "We are enjoined by the Constitution, Art. IV, § VII, ¶ 11, the Home Rule Act, R.S. 40:42-4, N.J.S.A. and the Optional Municipal Charter Law * * * to interpret statutes liberally in favor of the existence of local power to deal with local needs." The enabling legislation clearly intended to grant municipal corporations such powers as deemed necessary to serve the public interest and to insure judicial deference to that goal. N.J.S.A. 40:42-4 states:
*297 In construing the provisions of this subtitle, all courts shall construe the same most favorably to municipalities, it being the intention to give all municipalities to which this subtitle applies the fullest and most complete powers possible over the internal affairs of such municipalities for local self-government.
N.J.S.A. 40:48-1 establishes the general powers delegated to municipal corporations. These include the "employment and compensation of such officials and employees * * * as may be deemed necessary for the efficient conduct of the affairs of the municipality." N.J.S.A. 40:48-1(3). This enabling legislation is further amplified by the broad powers granted in N.J.S.A. 40:48-2:
Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this state or of the United States, as it may deem necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this subtitle, or by any law.
This constitutional, statutory and judicial framework provides in effect that the creation by Berkeley Heights of a local public advocate is a lawful exercise of its delegated powers. In fact, the power of the State Legislature to create the State Department of the Public Advocate is similar to that delegated to the municipalities to create municipal public advocates. In Van Ness v. Deal, 139 N.J. Super. 83, 93-94 (Ch. Div. 1975), the court dealt with that issue and held that the creation of the Department was constitutional. This is persuasive authority to uphold similar action on the municipal level.
The council resolution clearly specifies the local need determined to exist  that is, representation of and advocacy for the public interest of the township citizenry before the planning board and zoning board of adjustment. The State Public Advocate supports this determination of local need. As indicated in the resolution, hearings before these *298 boards tend to be one-sided presentations by developers of evidence supporting particular development proposals. The proofs are often sophisticated and involve expert witnesses and extensive documentation. Those in opposition, and the public interest in general, are, more often than not, unrepresented by counsel, unprepared and, in any event, relatively incapable of the requisite evaluation to properly address the issues raised by the application.
There is no question that these hearings and the proofs presented are critical stages in the application process affecting the land use scheme of the entire municipality. The record is created at this time and may not be amplified throughout the appellate process at council or in court. Verona Corp. v. West Caldwell Mayor and Council, 49 N.J. 274, 284 (1967). This makes it absolutely necessary that interested parties become involved at the earliest stage of the application process and possess the requisite skill and financial support to adequately protect their interests. This function may well be served by the municipal public advocate.
Municipal action intended to address a local need, if otherwise lawful, may be invalidated only if preempted by state legislation or if it involves an area requiring uniform legislation. Inganamort v. Fort Lee, 120 N.J. Super. 286 (Law Div. 1972), aff'd 62 N.J. 521 (1973). The Public Advocate Law of 1974 did not preempt this area so as to preclude the creation of a municipal public advocate. The State Public Advocate is given the power to represent the public interest "inhering in the citizens of this State or in a broad class of such citizens." N.J.S.A. 52:27E-30. The perspective of that Department is clearly state-wide and involves only matters of such broad significance. Although it is conceivable that a particular application before any one planning board or zoning board of adjustment might have state-wide impact, the vast majority of such matters are of a purely local or, at most, regional concern. The State Public Advocate, therefore, is not to be involved in the vast majority *299 of matters before such boards and, in fact, could not, due to limitations of staff. The mere fact that the functions of the State Public Advocate and a municipal public advocate might overlap in the rare case is not indicative of legislative presumption. See Van Ness v. Deal, supra. It is of course, conceivable that in the rare case a particular proceeding might warrant the involvement of the State Public Advocate; however, such intervention is within his sole discretion and can be exercised only on matters of great public importance. N.J.S.A. 52:27E-31; Edmond v. Dept. of the Public Advocate, 137 N.J. Super. 82, 83 (App. Div. 1975), certif. den. 69 N.J. 445 (1976).
This is not an area requiring uniform state legislation. The need which exists in Berkeley Heights may not exist in other, less developed or developing townships. Certainly, the appointment of such an agent in any given municipality is best left to the discretion of each of the 567 municipal corporations. There is no need for uniformity of treatment, uniformity of powers, jurisdiction, or of any other matter. The present enabling legislation, heretofore mentioned, will suffice. Certainly, if the Supreme Court has not found the creation of local rent control boards to mandate uniformity of treatment and state enabling legislation, the creation of a municipal public advocate does not. Inganamort, supra.
The planning board and zoning board of adjustment and their respective counsel do not necessarily represent the same interest as that represented by the municipal public advocate. There is no legal prohibition constraining a municipal corporation from appointing two employees, agents or agencies to perform essentially similar tasks. In reviewing the exercise of legislative discretion, the sole criterion is whether the "result comports with rationality." Albigese v. Jersey City, 127 N.J. Super. 101 (Law Div. 1974), mod. on other grounds, 129 N.J. Super. 567 (App. Div. 1974). In a relevant case it may well be rational to have two employees performing similar tasks. In any event, functions of the *300 municipal public advocate are not identical to that of the planning board, zoning board of adjustment and their respective counsel.
The planning board performs essentially the land use planning function for the municipality. See generally, N.J.S.A. 40:55-1.10, 1.13, 1.14, 1.17, etc. The zoning board of adjustment functions to review municipal action relative to the zoning ordinance and applications for changes in the ordinance relevant to particular parcels, structures or uses. See generally, N.J.S.A. 40:55-39. This scheme has been followed in the new Municipal Land Use Law, L. 1975, c. 291, N.J.S.A. 40:55D-1 et seq., see generally, N.J.S.A. 40:55D-25 and 70. The new law requires public hearings, an opportunity for the public to be heard and an opportunity for cross-examination. N.J.S.A. 40:55D-10(d).
The Legislature, therefore, clearly anticipated the need for the opportunity for the public to be heard before both boards. The creation of a municipal public advocate is in furtherance of that legislative policy, gives some focus to citizen's complaints and opinions and a more sophisticated avenue through which they can be heard. This is patently rational and not overlapping the functions of either board or counsel thereto.
Furthermore, even if the planning board and zoning board of adjustment were specifically mandated to protect the public interest, that would not constrain the public itself, through individual citizens or representative parties, from intervening to insure that protection. See Office of Communication of the United Church of Christ v. Federal Communications Comm'n, 123 U.S. App. D.C. 328, 359 F.2d 994 (D.C. Cir.1966). In that case the Circuit Court (at 1003) directly addressed this issue, saying, "Nor does the fact that the Commission itself is directed by Congress to protect the public interest constitute adequate reason to preclude the listening public from assisting in that task."
The resolution which in effect establishes the office of municipal public advocate and which appointed Lucido to *301 this office, was approved on June 3, 1976. This resolution was adopted by the township committee, which followed the same procedure used in the adoption of an ordinance. However, because of possible technical difficulties that might arise, the township committee has introduced an ordinance, the terms of which are substantially the same as the terms of said resolution and which council states will be approved on August 17, 1976. In order to avoid any delay of this matter and in order to expedite a determination of this cause, counsel for defendant, Camelot, has waived any objections that he might have to the establishment of the office and the appointment of Lucido by resolution.
Therefore, it is the opinion of this court that the appointment of a municipal public advocate is within the power of a municipal corporation, not preempted by the State, not a matter requiring uniform state legislation, and is therefore lawful.
Thus, the appointment of Lucido as public advocate by the township committee is hereby affirmed and he is authorized to perform his designated duties before the appropriate municipal agencies.
Judgment will be entered in favor of plaintiff.