146 N.J. Super. 138 (1977)
369 A.2d 32
MODULAR CONCEPTS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
SOUTH BRUNSWICK TOWNSHIP AND SOUTH BRUNSWICK TOWNSHIP COMMITTEE, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS, AND MONMOUTH MOBILE HOMEOWNERS ASSOCIATION, INTERVENING DEFENDANTS, RESPONDENTS AND CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1976.
Decided January 12, 1977.
*140 Before Judges BISCHOFF, MORGAN and E. GAULKIN.
*141 Mr. Raymond S. Londa argued the cause for appellant and cross-respondent.
Mr. Joseph J. Benedict argued the cause for respondents and cross-appellants.
Mr. R. Alan Aslaksen argued the cause for intervening defendants, respondents and cross-appellants (Messrs. Riley & Aslaksen, attorneys).
PER CURIAM.
This appeal from judgments in three consolidated cases concerns the validity of an amendment to an existing rent-leveling ordinance and of rent increases under the prior ordinance for two consecutive years.
The written stipulation of facts upon which the trial court disposition was based discloses that rent control came to defendant South Brunswick Township in 1973 when the South Brunswick Township Committee (township committee) adopted Ordinance 29-73 in response to what it conceived to be a "serious condition" in the township "with respect to the rental of housing space in multiple dwellings not subject to rent regulation." Ordinance 29-73 limited rent increases to changes in the Consumer Price Index. Pursuant to that ordinance plaintiff, the owner and operator of a mobile home park, increased its tenants' rents on February 1, 1974 and again on February 1, 1975. Both increases were challenged by way of appeal before the Rent Leveling Board (board). The board held them valid; on further appeal taken by some of the tenants the township committee reversed the action of the board and ruled in favor of the tenants. The ruling with respect to the two rent increases constituted two of the three consolidated cases before the trial court.
On June 23, 1975 defendant adopted "An Ordinance Amending the Revised General Ordinances of the Township of South Brunswick 1975 by Revising Chapter XIII Rent Control" (hereinafter Ordinance 21-75), which ordinance *142 became effective on June 30, 1975. The third consolidated matter before the trial court, and now before us, is plaintiff's challenge to the validity of Ordinance 21-75.
The trial judge sustained the validity of the ordinance and ruled in plaintiff's favor on the rent increases enforced pursuant to the prior ordinance. Plaintiff appeals the trial judge's ruling sustaining the ordinance and tenant-intervenors cross appeal from the ruling on the two rent increases.

Plaintiff's challenge to Ordinance 21-75
Plaintiff's contention that Ordinance 21-75 is not applicable to its mobile park facility because it was subject to rent control under Ordinance 21-73 is clearly without merit. Mobile home space is expressly made subject to rent regulation in the ordinance under consideration. See §§ 13-2[1] and 13-3[2] thereof. The preamble, § 13-1, upon which plaintiff relies, and which declares a "serious condition" existent in the township concerning the "rental of housing place [sic] and multiple dwellings not subject to rent regulation," does not, as plaintiff suggests, exclude plaintiff's facility because it was regulated under the prior ordinance. Rather the preamble merely restates the reasons for its adoption as of the time the original ordinance, Ordinance 21-73, *143 was adopted. Clearly, the township did not intend that only later created mobile home parks and multiple dwellings be regulated by the later amendment and those in existence during the earlier enactment be regulated by the earlier ordinance. No such dual scheme of regulation is apparent from 21-75.
Plaintiff next challenges, as facially confiscatory, arbitrary and unreasonable, the validity of that portion of § 13-2 of Ordinance No. 21-75 which defines the base rent figure upon which the allowable percentage rent increase is to be calculated. It reads as follows:
"Rental income" means the payable rent charged and received for the housing space or dwelling over the previous twelve (12) month period exclusive of any of the following: all real property taxes, space fees charged by the Township of South Brunswick pursuant to any duly adopted ordinance, and any cost of utilities if the same are provided for by the landlord and any increase for major capital improvements as permitted by Section II hereof.
Plaintiff contends, in substance, that the enumerated exclusions from the term "rental income," in order to arrive at a base rent from which future rental increases will be calculated, facially exclude the possibility of a just and reasonable return on investment. We disagree. In the absence of proof, we are in no position to reach any conclusion that the challenged provision in fact precludes a reasonable return on investment. This is particularly so in light of § 13-7 which makes provision for the landlord to pass on to the tenant a tax surcharge, § 13-3 which permits a water and sewer surcharge to be passed on the tenants, and § 13-10.1 which permits the landlord to apply for a hardship rent increase. Moreover, § 13-10.2 permits the landlord to seek an additional charge for major capital improvements or services. The conspicuous absence of any evidence concerning plaintiff's rate of return under the challenged ordinance precludes a finding, at least at this juncture, that the ordinance has a confiscatory effect. See Hutton Park Gardens v. West Orange, 68 N.J. 543, 570-571 (1975).
*144 Plaintiff next challenges § 13-18 which states:
Any increases in rental income imposed after January 1, 1975 are hereby declared to be null and void as of the effective date of this ordinance, until such time as a review has been made as to the maximum permissible increase permitted under the terms of this ordinance and a final determination has been rendered by the rent leveling board or the Township Committee. The final determination shall be retroactive to July 1, 1975.
It contends that the retroactive character of this provision has no rational purpose in that it affects rents which were controlled by and in compliance with the prior ordinance, and thus could not have resulted from overreaching. We disagree. First, the provision is not truly a retroactive one; it does not require the refunding of rents received by plaintiff prior to the effective date of the amendment. See Woodcliff Management v. North Bergen, 127 N.J. Super. 123, 126-27 (Law Div. 1974). Its purpose is to provide an altered base rent upon which future rent increases will be calculated. Second, it does have a rational purpose in correcting what the township apparently conceived to be an inequity in the functioning of the prior ordinance. An amendment to an ordinance reflecting the experience gained from operation of a prior ordinance falls well within the authority of a municipality. A municipality is not forever bound by the formula for rent increases it once adopts; the formula can be changed, if such change appears necessary, and that is the apparent purpose for § 13-18. The trial judge correctly held this provision to be facially valid.
Plaintiff next contends, without merit, that § 13-3 of Ordinance 21-75, limiting plaintiff to one annual request for a rental increase and requiring service of notices for requests for rent increases on tenants by certified mail or by personal service certified to by affidavit, is invalid. The prescribed method of service was designed to insure notice to the tenants concerning any proposed increase in their rent; that other methods of achieving this purpose are available does not render the method chosen arbitrary or capricious. *145 The limitation on the number of requests for rental increases a landlord is permitted to make is based upon considerations of administrative convenience. The members of the board are appointed, serve in a voluntary capacity and have limited time to devote to consideration of requests for increased rent.
Finally, the validity of § 13-4 of Ordinance 21-75 is drawn in issue. That provision conditions all rent increases upon proof that the "mobile home park housing space or dwelling substantially complies with all existing state, county and local health and building codes." The proof must be submitted by the landlord as part of his application for an increase and consists of "certificates from the appropriate agencies that there exists substantial compliance and dated within the preceding 12 month period." Plaintiff contends that this section is invalid as imposing a penalty for code or regulation violations not authorized by law, as being unreasonably oppressive, and unrelated to the announced goals of the ordinance. We are constrained to agree.
Clearly, the challenged section penalizes a landlord for noncompliance with state and county codes in addition to ordinances and codes adopted by the municipality. Although a municipality is expressly authorized to prescribe penalties for the violation of ordinances "it may have authority to pass," there exists no such authorization for penalizing violations of enactments adopted by other levels of government each of which carries with it its own penalty for noncompliance. N.J.S.A. 40:49-5. Moreover, even with respect to a municipality's own ordinance, the monetary penalty for a violation is limited to $500; under this section, forfeiture of an annual rent increase may far exceed that amount, and the landlord's exposure to monetary penalties imposed by the county or state, pursuant to their enactments, may stockpile penalties for a single violation to an unacceptable level. See State v. Laurel Mills Sewerage Corp., 46 N.J. Super. 331, 334 (App. Div. 1957).
The section is unrelated to the stated rent levelling purposes of the ordinance and the rejection of a requested *146 increase on the basis of this section would be without regard to any consideration of whether the landlord would be receiving a fair return on his investment and incidentally without regard to the extent to which the tenants' rents should be abated, if at all, as a result of a violation.
We conclude that the section is overly oppressive and, we fear, impracticable. The required proof of substantial compliance with state, county and local codes is not to be supplied by the landlord's certification of compliance; rather this section requires "certificates from the appropriate agencies that there exists substantial compliance." We question, however, whether such agencies can or will certify substantial compliance; at best what can be obtained will be a listing of any violations. Whether they are so minor or inconsequential as to nonetheless permit a conclusion of substantial compliance will, in all probability, not be available from the "appropriate agency." In practice then, any violation, no matter how trivial and how unrelated to the tenants' safety or comfort, assuming such certification can be obtained at all, may provide the occasion for rejection of a requested increase and this in addition to any penalties imposed by these agencies for noncompliance.
Hence, we conclude that the challenged section is invalid as imposing a penalty and not authorized by law, in being unrelated to the essential ordinance of which it is a part, and in being unreasonable and oppressive.

Cross-appeal concerning the 1974 and 1975 rent increases
The cross-appeals relating to the 1974 and 1975 rent increases require construction of the term "rent" as it was used in Ordinance 21-73, the ordinance in force when both increases went into effect. The tenants-cross-appellants and the township committee which agreed with them construed the term "rent" to exclude certain fixed municipal charges, such as municipal property taxes, municipal water *147 and sewer rates and the like, which were passed on to the tenants for payment; the permissible rate of increase, according to the tenants, should have been based on the net rent as thus calculated. The trial judge, however, agreed with plaintiff-landlord and the rent leveling board that the term "rent," being undefined in Ordinance 21-73, ought to be given its normal meaning which referred to the gross monthly amount paid by the tenants for their respective tenancies. We affirm. The critical provision of Ordinance 29-73 reads as follows:
Establishment of rents between a landlord and a tenant to whom this act is applicable shall hereafter be determined by the provisions of this ordinance. At the expiration of a lease or at the termination of the lease of a periodic tenant, no landlord may request or receive a percentage increase in rent which is greater than the percentage difference between the Consumer Price Index ninety (90) days prior to the expiration or termination of the lease and the Consumer Price Index at the date the prior lease was entered into with said tenant. For a periodic tenant whose lease term shall be less than one year, said tenant shall not suffer or be caused to pay any rent increase in any calendar year which exceeds the average Consumer Price Index percentage differential for the calendar year prior thereto.
The term "rent" is not specifically defined in the ordinance, and therefore the term should be given its normal meaning, i.e., the consideration paid by a tenant for the use or occupation of property. Rosewood Corp. v. Transamerica Ins. Co., 57 Ill.2d 247, 311 N.E.2d 673, 677 (Sup. Ct. 1974); United States Steel Corp. v. United States, 270 F. Supp. 253, 259 (S.D.N.Y. 1967); Sprik v. Regents of University of Michigan, 43 Mich. App. 178, 204 N.W.2d 62, 66 (App. Ct. 1972), aff'd 390 Mich. 84, 210 N.W.2d 332 (Sup. Ct. 1973). Unless otherwise specified, the character of a tenant's payment for the use or occupancy of property is not affected by the purpose to which portions of the rent are to be applied. Ryerson v. Quackenbush, 26 N.J.L. 236, 249 (Sup. Ct. 1857).
*148 Moreover, other provisions of Ordinance 29-73 disclose that the term "rent" was being used therein in accordance with its normal meaning. Hence, § 9 of the ordinance provided:
The tax surcharge shall not be considered rent for purposes of computing cost of living rental increases.
That provision would have no meaning, or would be superfluous, if "rent" had been intended to exclude taxes. Moreover, it discloses that where items were not to be considered rent, it was so specified. The same is true with respect to § 11 which, in referring to a capital improvement or service surcharge, provides:
If said increase is granted, it shall not be considered rent and calculated in cost of living increases.
Sec. 6 provides that a tenant "shall be entitled to a rent reduction from a landlord because of a decrease in the municipal property taxes or the municipal water sewer rates." If rent is to be construed to exclude municipal property taxes, water and sewer rates and the like, there would be no reason to mandate a rent reduction because of the reduction in those charges.
We are satisfied that the trial court correctly held that the term "rent", as used in Ordinance 21-73, was to be given its normal meaning and that it did not contemplate exclusion of the so-called pass-through municipal charges.
The judgment is affirmed except with respect to § 13-4 of Ordinance No. 21-75. The judgment as to that section is reversed. Plaintiff, however, has leave, notwithstanding the judgment, to apply for appropriate relief to the South Brunswick Rent Leveling Board on the basis that present rents do not afford it a fair rate of return on its investment and to adduce whatever evidence it deems necessary in support of that contention. No such evidence has been presented to us and we should not be understood as taking any position with respect to this issue.
Affirmed.
NOTES
[1] Sec. 13-2 provides:

"Dwelling" means and includes any building or structure or mobile home or land used as a mobile home space, rented or offered for rent to one or more tenants or family units. * * *
[2] Sec. 13-3 in pertinent part provides:

Establishment of rents between a landlord and a tenant to whom this ordinance is applicable shall hereafter be determined by the following provisions: At the expiration of a lease or at the termination of a lease of a periodic tenant, no landlord may request or receive any increase in the rental income and additional charges for that dwelling or housing space from any tenant, new or continuing, which is greater than a combination of the following: (1) any increased cost to the landlord for utilities, (2) any increased cost to the landlord in mobile home space fees charged by the Township of South Brunswick pursuant to any duly adopted ordinance. * * *