ROBERT GOLDBERG T/A ROBERT GOLDBERG MANAGEMENT COMPANY, AGENT FOR CRESCENT PARK ASSOCIATES, PLAINTIFF, v. EAST ORANGE RENT CONTROL BOARD, DEFENDANT, AND SAMUEL KLEIN, INTERVENOR.

Superior Court of New Jersey
Law Division Essex County

Decided June 10, 1980.

*Harvey M. Douglen* for plaintiff (*Stier & Douglen*, attorneys).

*Ernest Booker* for defendant.

*Harry Schaffer* for intervenor.

MARZULLI, J. S. C.

This action is before the court on a complaint in lieu of prerogative writs by reason of a decision of the Rent Control Board of the City of East Orange. The action is filed by plaintiff, Robert Goldberg t/a Real Estate Management Company (hereinafter Goldberg), against the East Orange Rent Control Board (board). Samuel Klein, the affected tenant, was permitted to cross-appeal the board's determination as an intervenor.

The facts are briefly as follows. Intervenor Klein, a tenant in an apartment house managed by plaintiff, entered into a lease which commenced on October 1, 1975 and ended November 30, 1978. The annual rent stated in the lease was $6,612 or $551 monthly. By separate document plaintiff permitted a one-month rental concession for each year of the lease term.

On or about October 25, 1978 Goldberg served Klein with a notice terminating his tenancy as of December 1, 1978 and advising him that Goldberg would be willing to enter into a new one-year lease at $617 a month. This amount represented a 12% or $66 increase based on the stated rent of $551. Klein advised Goldberg that he was willing to pay a 12% increase equal to $60 based on the alleged effective rent of $505 for a total rent of $565. Goldberg refused. Klein then filed a complaint with the board on March 17, 1978 to establish the correct base rent and allowable increase under the city's rent control ordinance.

The board determined the rental concession was a waiver of rent, and considered the concession as rent not received for purposes of computing the base rent. The base rent calculated by the board was $505. The board limited plaintiff to a $60 increase effective from December 1, 1978, establishing a new maximum rent of $565 a month.

Plaintiff argues that the rent control board does not have the authority to fix a base rent under the ordinance other than the

rent stated in the tenant's lease. Plaintiff alleges the ordinance is silent on the topic of rental concessions and fails to specifically define the term "rent."

The powers of the board under Ordinance 52 of 1975, amended June 15, 1978 and October 25, 1977, are as follows:

*Section 1.* 2:38–9 Establishment of Rents

Establishments of rents between a landlord and a tenant to whom this act is applicable shall hereafter be determined as follows:

a. For a periodic tenant (i. e., month to month, week to week) whose lease term is less than one year, said owner, agent or employee of same shall not demand, receive or accept any rental increase which is greater than six percent (6 percent) of the existing rent at the time the notice of increase is delivered to the tenant. . . .

b. For a year to year tenant, or for a tenant under a lease term in excess of one year, said landlord, owner or agent of same shall not seek or demand an increase in rental which exceeds six percent (6 percent) of the prior rent for each twelve (12) month period the existing lease has been in effect. (Example: A written lease runs for three (3) consecutive years at a fixed rent without increases. At the end of the third year, the landlord is entitled to a maximum increase in rent of eighteen percent (18 percent).

. . . . . . . .

*Section 7.* 2:38–10

. . . Any rental increase given a tenant which exceeds that allowed by this Ordinance may be voided in its entirety by the Rent Control Board or may be adjusted by that Board to conform to the amount allowed by this Ordinance . . .

In the interpretation of rent control ordinances, it has been stated that

. . . the principle and policy of the ordinance should be given expression rather than the literal sense of the particular terms, standing alone. The particular words are to be made responsive to the essential principle of the law . . . Statutes are to be interpreted in light of their purpose and logic. [*Apartment Managem. Co. v. Union Tp.*, 140 *N.J.Super.* 220, 224 (App.Div.1976)]

Here, the purpose, as stated in the preamble of the ordinance, is to control rents due to a prevalent housing shortage which has forced rents up dramatically in recent years. *Central Towers Co. v. Fort Lee*, 160 *N.J.Super.* 546, 549 (Law Div.1978). This purpose is in accord with the courts finding that the object of a rent control ordinance is to prevent exorbitant and oppressive rental increases in a milieu where tenants have been deprived of freedom to contract by the absence of a competitive housing market. *Albigese v. Jersey City*, 127 *N.J.Super.* 101, 111 (Law Div.1974), mod. and aff'd 129 *N.J.Super.* 567 (App.Div.1974).

Since "rent" is not specifically defined in the ordinance, it must be given its usual and normal meaning, in light of the purpose of the ordinance, *i. e.*, the consideration paid for the use and occupation of a property. *Modular Concepts, Inc. v. South Brunswick Tp.*, 146 *N.J.Super.* 138, 141 (App.Div.1977).

The subject of rental concession in this context has not been dealt with previously by the New Jersey courts. However, we are not without guidance from other jurisdictions who have considered the problem. In *Beach-Gasper Co., Inc. v. Strauss,* 185 *Misc.* 930, 58 *N.Y.S.*2d 82 (C.C.N.Y.1945), the court concluded that a one-month rental concession provided in an annual lease was to be considered in the calculation of a base rent under the Emergency Rent Laws of 1945. The court concluded that rent actually received by the landlord was the implied definition of rent under the ordinance and deducted the one-month concession from the stated annual rent. Whether the rent was to be divided into 11 or 12 parts was immaterial since the issue was the determination of the annual rent.

In *La Barbera v. Housing & Develop. Auth.*, 44 *App.Div.*2d 835, 355 *N.Y.S.*2d 465 (App.Div.1945), the tenant's three-year lease provided for a one-month concession for each year of the lease. The landlord applied for a rent increase, excluding the concession in the rent calculation. The court held the tenant was entitled to some consideration for the concession in the calculation of the renewal rent.

Similar support for the deduction of a rental concession from the stated rent is found in *Bowles v. Slater*, 64 *F.Supp.* 387 (D.C.E.D.Mich.1945). In that case the court permanently enjoined the landlord from discontinuing its policy of offering $1 a month discounts from the stated rent to tenants who promptly paid their rent or had two years tenure. The rationale was that the granting of discounts was a relatively fixed policy applied to all tenants.

Outside the rental context, price concessions or discounts have been held to be a reduction of established prices. *Bristol Meyers*

*Co. v. L. Bamberger & Co.*, 122 *N.J.Eq.* 559 (Ch.Div.1937), aff'd o. b. 124 *N.J.Eq.* 235 (E. & A. 1938). In *Ach v. Finkelstein*, 264 *Cal.App.2d* 667, 70 *Cal.Rptr.* 472 (D.Ct.App.1968), the court held that giving of a rent concession constituted a reduction in rent for purposes of determining the fair market value of an apartment house in an action based on fraud.

 Obviously, fraud is not involved in this action. Equally obvious, the rental concession must be deducted from the stated rent to derive the base rent under the ordinance. Given the stated purpose of the ordinance and the power conferred upon the board, it would defeat the purpose of the ordinance to rule otherwise. Our action is consistent with that of other jurisdictions which have considered the same or similar issues.

There remains to be determined what the actual base rent is, consistent with the deduction of the concession purportedly followed by the board.

The amount due under the lease was $20,938 payable over a term of 38 months. It should be noted the factual circumstances are different from *Beach–Gasper Co. v. Strauss*, 185 *Misc.* 930, 58 *N.Y.S.2d* 82 (C.C.N.Y.1945) where determination of the annual rent of a one-year lease was in dispute. The value of the concession was $551 for each year of the lease, or $1,653. Deducting the value of the concession yields $19,285 to be divided by the 38 months. I therefore find the base rent to be $507. The remaining issue is to determine whether the board acted properly by limiting the plaintiff's increase to $60.

 In the rent control context, a legislative body is free to impose regulations, provided it does not employ means which are arbitrary, discriminating or demonstrably irrelevant to a legitimate purpose. *Hutton Pk. Gardens v. West Orange*, 68 *N.J.* 543, 558 (1975). The Legislature has a broad grant of power which should not be limited where "the end is one to which legislative power may properly be addressed, it is enough if it can be seen

that in any degree, or under any reasonably conceivable circumstance, there is an actual relation between the means and the end." *Jamouneau v. Harner*, 16 *N.J.* 500, 518 (1954).

■ Here, the stated purpose of the ordinance is to control rents. This it does by establishing base rents, limiting rental increases and providing a mechanism for public participation. Defendant, in effect, assumes the power to set rent flows from the authority to control them. The court disagrees. The proper function of the board is to control rents, within the ambit of the ordinance.

An analogous situation existed under the Housing and Rent Act of 1947, as amended by 50 *U.S.C.A.* App. § 1881 *et seq.* Under the act the federal authority was empowered only to fix the maximum rent and was powerless to fix the actual rent to be charged. The landlord was free to set rents within the legal limit. *Skyline Gardens, Inc. v. McGarry*, 22 *N.J.Super.* 193 (App.Div.1952).

I therefore find the action of the board limiting the maximum increase to $60 was arbitrary and not related to the statutory purpose as previously stated. The proper function of the board is to determine the last rent paid by the tenant, determine the percentage increase allowed and to compute the maximum new rent.

By limiting the function of the board, the possibility of arbitrary or discriminating action is reduced and the landlord and tenant are free to bargain. Here, the maximum allowable is 18% of $507 or $90. Plaintiff is therefore entitled to a rental not to exceed $597 on this apartment.

The assertion that plaintiff's rent increase request is invalid for failure to file a rent list was not raised nor determined below. The board resolved the rent request on its merits; therefore, it must be assumed the board was satisfied plaintiff had complied with the procedural requirements of the ordinance.