37 N.J. Super. 430 (1955)
117 A.2d 516
GEORGE J. WAGNER AND PROPERTY OWNERS PROTECTIVE ASSOCIATION, INC., A CORPORATION OF NEW JERSEY, PETITIONERS,
v.
CHESTER K. LIGHAM, STATE RENT CONTROL DIRECTOR OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1955.
Decided October 31, 1955.
*431 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Saul A. Wittes argued the cause for petitioners.
Mr. Thomas L. Franklin argued the cause for defendant (Mr. Grover C. Richman, Jr., Attorney-General).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is a proceeding for a declaratory judgment, instituted in the Appellate Division pursuant to R.R. 4:88-10, challenging the validity of some 22 rules promulgated by the State Rent Control Director. A wide variety of legal issues is presented. The case comes before us on petition and answer, but without proofs.
Nowhere is it alleged or even suggested that any of these rules subject the petitioners to the slightest injury. As has been said of actions in a trial court under the Uniform Declaratory Judgments Act (N.J.S.A. 2A:16-50 et seq.), the settled policy of the law is to refuse an advisory opinion and to refrain from functioning in the abstract. New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 240 (1949); Proprietary Ass'n v. Board of Pharmacy of N.J., 16 N.J. 62, 72 (1954). The law is the same with respect to proceedings brought under R.R. 4:88-10 to nullify an agency rule. The petitioner in such a proceeding must establish, either through admissions in the pleadings or by proof under R.R. 4:88-11 or otherwise, that he in fact is adversely affected by the agency rule complained of. Como Farms, Inc. v. Foran, 6 N.J. Super. 306, 317 (App. Div. 1950); De Santo v. N.J. State Parole Bd., 17 N.J. Super. 44, 48 (App. Div. 1951); Davis, Administrative Law § 209, p. 714 (1951); cf. Federal Administrative Procedure Act, *432 60 Stat. 243, 237 (1946), 5 U.S.C.A. 1009(a), 1001(g) (1950), covering, inter alia, agency rules.
Possibly too  we need not consider the matter now  the petitioner may institute a proceeding under R.R. 4:88-10, if the agency rule threatens him with injury. Edward Hines Yellow Pines Trustees v. United States, 263 U.S. 143, 148, 44 S.Ct. 72, 68 L.Ed. 216 (1923). But clearly where a petitioner is subjected to no injury, actual or even prospective, his right under R.R. 4:88-10 to review an agency rule does not accrue on its mere adoption. Cf. R.R. 4:88-15(a); Moran, 9 Rutgers L. Rev. 640, 674 (1955); 10 Id., 37, 79 (1955).
We have no way of knowing the effect which these 22 rules have upon the petitioner George J. Wagner. The fact alleged in the petition that he is the owner of an apartment house (which allegation, it may be noted incidentally, is neither admitted nor established), is of course insufficient. As for the right of the other petitioner to appear in the cause  the Property Owners Protective Association, Inc., an incorporated association of real estate owners  see New Jersey Bankers Ass'n. v. Van Riper, 1 N.J. 193 (1948).
Unless within two weeks of the filing of this opinion, motion is served and filed by petitioners for the taking of proofs under R.R. 4:88-11 in order to establish that they are injuriously affected by the regulations attacked (or at least by certain ones among them), this proceeding will be dismissed.