39 N.J. Super. 13 (1956)
120 A.2d 474
GEORGE J. WAGNER AND PROPERTY OWNERS PROTECTIVE ASSOCIATION, INCORPORATED, A CORPORATION OF NEW JERSEY, PETITIONERS,
v.
CHESTER K. LIGHAM, STATE RENT CONTROL DIRECTOR OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1956.
Decided February 8, 1956.
*15 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Saul A. Wittes for the petitioners.
Mr. Thomas L. Franklin for the defendant (Mr. Grover C. Richman, Jr., Attorney-General).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Pursuant to leave given in the last paragraph of our opinion in Wagner v. Ligham, 37 N.J. Super. 430, 432 (1955), petitioners have taken testimony and submitted it to us.
The testimony establishes that the petitioner, George J. Wagner, is the owner of an apartment house at 301 Broad Street, Newark, containing 16 apartments subject to the operation of the state rent control law and the regulations promulgated by the State Rent Control Director. It further establishes that he has under contemplation the making of applications for rent increases with respect to these apartments. But no proof was adduced which gives us any basis for determining that he has reasonable cause to apprehend injury from any one of the regulations which have been challenged in this proceeding. Cf. Public Service Railway Co. v. Camden, 95 N.J.L. 190 (E. & A. 1920). Moreover, there is no proof at all as to the other petitioner, Property Owners Protective Association, Inc.
Two of the regulations under attack may perhaps have some effect upon a great many applications for a rent increase; and we will therefore pass upon them on the theory that Mr. Wagner could quite possibly be affected by them in connection with the applications for rent increases which he now has under contemplation. We pass on these regulations even though we think he has not adequately established that he is entitled to declaratory relief with respect to them.
We have reference first to Regulations Part II, Article V, paragraph 9 (b) (which may be abbreviated Reg. 2-5-9(b)). *16 N.J.S. 2A:42-29 authorizes an increase in rent where
"(d) the rent being paid is substantially lower than the rent being paid for comparable dwelling units in the area or subarea."
Petitioners object to Reg. 2-5-9(b) firstly because it limits comparable dwelling units to "controlled units."
N.J.S. 2A:42-20 authorizes the Director to make such
"reasonable rules and regulations as may be necessary: (1) adequately to effectuate the provisions of this act * * *."
We think it entirely reasonable on the part of the Director to require rentals to be fixed according to the amounts paid for controlled units. If decontrolled units were allowed as a standard, there obviously would be a loss of rent control.
Petitioners also object to that portion of Reg. 2-5-9(b) which provides:
"Where the landlord is entitled to an adjustment, the agency shall grant an increase based on the general prevailing rent of comparable units as represented by either the median of the rental range or the rental cluster, disregarding isolated high or low rents. A rental cluster exists where the lawful rent is equal for two or more comparable units in the same tier; * * *."
This regulation also serves in a reasonable manner to effectuate the statutory purposes. As to the criterion which must control us here, see Abelson's Inc. v. N.J. State Board of Optometrists, 5 N.J. 412, 424 (1950).
The second of the regulations which we will deal with, as above stated, is Reg. 2-5-9(a)(3). N.J.S. 2A:42-29 authorizes a rent increase where
"(a) the landlord has not been compensated by leases or rent adjustments for increases in the cost of operating and maintaining the building."
Reg. 2-5-9(a)(3) provides:
"* * * 1/2 of the actual or reasonable and recognized cost, whichever is lower of the following services  painting and decorating *17  interior and exterior repairs  improvements  the replacement of equipment and fixtures  shall, pursuant to and under the conditions and to the extent set forth in Section 4, Part II, Article III, and Sections 11 and 12 of this Article, be considered increased costs over and above ordinary repair and maintenance."
This regulation rests on the following finding by the State Rent Control Director, stated in Reg. 2-3-4:
"As a result of a finding that the cost of the following services  painting and decorating  interior and exterior repairs  improvements and the replacement of equipment and fixtures, has increased in excess of 100% since July 1, 1942, and that a substantial portion of such increase has not been passed on to landlords by adjustment in lawful rents for housing space, and by reason of the necessity in the public interest of maintaining and providing safe and sanitary rental housing which requires the maintenance of such services and because landlords, in the vast majority of cases, by reason of the sharp increase in the cost thereof, for which they have not been fully compensated by leases or rent adjustments have failed to provide such services, it is hereby declared that one-half of the actual or the reasonable and recognized cost of such services, whichever is lower, shall be deemed an increase in the cost of operation and maintenance of housing space over and above ordinary repairs and maintenance" (italics inserted).
We understand that these regulations have merely the effect of a rebuttable presumption and were adopted in order to enable litigants (if they chose to take advantage of the finding) to shorten their proofs as to increases in costs. A person attacking an administrative finding, such as this one, which serves as a base on which to rest certain administrative regulations, has the burden of showing its invalidity. Grenewicz v. Ligham, 34 N.J. Super. 1, 9 (App. Div. 1955). No proofs have been submitted here which in any way impeach the finding; and the regulations, which depend upon it, will therefore be sustained.
Petitioners also attack Reg. 2-5-5. But we cannot assume that Mr. Wagner is not providing all required services, and we therefore cannot say that he has any reasonable cause to apprehend injury from this regulation.
Reg. 2-5-6, which (subject to exceptions) limits the landlord to one rent increase during any 12-month period, apparently *18 does not affect Mr. Wagner, as there is no proof indicating that he has had an increase during the last 12 months.
Reg. 2-5-8 limits the amount of rent increases, but it contains certain exceptions, and we have no means of knowing whether or not Mr. Wagner's situation would be controlled by the exceptions.
Reg. 2-5-9(i) deals with a voluntary increase agreed upon by landlord and tenant. It does not appear that Mr. Wagner is affected by this provision. Nor does it appear that he is affected by Reg. 2-5-9(l) which allows no increase except on the grounds stated in Reg. 2-5-9.
So far as we can tell, the other regulations challenged here seem to have not even a remote bearing on any action contemplated by Mr. Wagner.
Submit judgment.