154 N.J. Super. 410 (1977)
381 A.2d 806
JOHN W. MARKERT ET AL., PLAINTIFFS-RESPONDENTS,
v.
BRENDAN T. BYRNE, GOVERNOR OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1977.
Decided December 8, 1977.
*412 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. John H. Dorsey argued the cause for respondents (Messrs. Young, Dorsey & Fisher, attorneys).
Mr. Steven A. Tasher argued the cause for appellants (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Ms. Erminie Conley and Messrs. Benjamin Lambert and Paul Watter, Deputy Attorneys General, on the brief).
PER CURIAM.
Plaintiffs are members of the Legislature and municipal officials who brought an action for declaratory relief in the Law Division. Their object is to secure an adjudication of the unconstitutionality of Executive Order No. 35, promulgated by Governor Byrne April 2, 1976 and Executive Order No. 46, promulgated by him December 8, 1976. The gravamen of the attack is that these orders impermissibly regulate zoning  a subject matter exclusively for legislative action under the Constitution.
Defendants filed a motion for dismissal of the complaint on the ground that it does not present an actual or real controversy of a justiciable nature which is ripe for judicial determination. The motion was denied. We granted leave to appeal. In the order granting leave we invited the parties to brief the question whether review of the Governor's action was properly by appeal to the Appellate Division pursuant to R. 2:2-3(a) rather than by declaratory judgment action in a trial division of the Superior Court.
We have concluded that the present action should be dismissed in the appropriate exercise of judicial discretion because there is substantial uncertainty at this time as to how the executive orders will be implemented and as to what impact their implementation will have on any interested party. Wagner v. Ligham, 37 N.J. Super. 430, 432 (App. Div. 1955); Wagner v. Ligham, 39 N.J. Super. 13, 15 (App. Div. 1956). See also, Proprietary Ass'n v. N.J. Bd. of Pharmacy, 16 N.J. 62, 72 (1954).
*413 Executive Order No. 35 purports to implement the policy underlying the decision in So. Burl. Cty. N.A.A.C.P. v. Mt. Laurel Tp., 67 N.J. 151, app. dism., 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975), as well as the legislative mandate that the Division of State and Regional Planning conduct comprehensive planning for housing needs and provide planning assistance to local government. The order directs that Division to formulate housing goals for all municipalities or contiguous groups of municipalities. It is further directed that state officials involved in administering state and federal aid programs in respect of technical assistance to local government units for certain projects give priority "where appropriate and pursuant to existing law" so as to provide incentive to those municipalities "meeting or in the process of meeting a fair share of low or moderate income housing." A provisional or preliminary draft of a statewide housing allocation plan pursuant to Executive Order No. 35 was published in November 1976.
By Executive Order No. 46 the Governor in December 1976 promulgated certain modifications of Order No. 35, directed the Division to review its preliminary plan in the light of specified additional criteria and extended the time for the Division to complete a final plan to December 8, 1977. At this date a final plan has not yet been completed.
Apart from the fact that the final allocation of housing goals has not yet taken place, we perceive the following uncertainties as to the actual effect of these executive orders on their face. First and foremost, we do not know how it is to be determined whether a given municipality has "met" its goal under any allocation plan finally adopted. While paragraph 13 specifies that the Director may establish procedures and guidelines for determining "whether a municipality has reasonably accommodated its municipal housing goal," until such procedures are formulated and put into practice one cannot know what tangible governmental steps a municipality will be required to take to meet the specified goals. And without that knowledge it may not be possible fairly to *414 adjudicate whether the orders unconstitutionally trespass, as alleged, on legislative regulation of the exercise of the zoning power by municipalities.
The only express sanction for enforcement of the housing goals provided for in the order is the fixing of priorities in allocating state and federal aid for certain purposes to municipalities. Here, again, in advance of actual implementation of the order in that regard, we have no knowledge of the nature of the prospective governmental action plaintiffs would have the court now assess for validity. The executive order provides that the giving of priority shall be "in accordance with existing law." It would seem, insofar as this aspect of the order is under attack, eminently sensible that the parties and the court await the commencement of the implementation of the stated priorities so as to be able to determine whether it is in fact "in accordance with existing law" notwithstanding that the matter of "meeting" housing goals is a factor in the process of according priorities. We cannot rule in a factual vacuum.
We turn to the question of the appropriate tribunal for review of any final action of the Governor in this regard. We consider the matter as settled by the decision of the Supreme Court in Carls v. Civil Service Comm'n of N.J., 17 N.J. 215 (1955). It was there held that since by rule of court the final action or decision of any state administrative agency or the validity of any administrative rule promulgated by a state agency was reviewable by appeal to the Appellate Division, "there was no justifiable occasion for invoking the terms of the Declaratory Judgments Act" in such an instance. Id. at 219. See also Central R.R. Co. v. Neeld, 26 N.J. 172, 184-185, cert. den. 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1371 (1958). There is no reason why the rule should be otherwise when the action under review is that of the Governor, he being a "state officer" within R. 2:2-3(a).
Consequently, when and if there is final executive department action in relation to the subject matter of this appeal, *415 review thereof should be sought in the Appellate Division, not in a trial division of the Superior Court.
Judgment reversed and complaint ordered dismissed. No costs.