**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                  )
                                  )
v.                                 )         **I.D. No. 1308012233A**
                                  )
DONTA E. VICKERS,        )
                  **Defendant.** )

Submitted: May 7, 2025
Decided: May 28, 2025

## ORDER

*Upon Defendant's Request for a Certificate of Eligibility*
*to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**DENIED.**

This 28th day of May, 2025, upon consideration of Defendant Donta E. Vickers' *pro se* request for a certificate of eligibility to seek review of his sentence under Title 11, Section 4214(f) (D.I. 143), the Attorney General's response thereto (D.I. 147), the complete record in this matter, and the applicable authorities governing such requests, it appears to the Court that:

(1)    Mr. Vickers is serving a cumulative sentence of five consecutive life-imprisonment terms imposed under the Habitual Criminal Act plus an additional ten years of incarceration. That total is comprised of sentences for attempted first-degree robbery, home invasion, felony assault, and firearms counts that he was convicted of in a June 2014 trial.[1] More specifically, the

---

[1]   A fuller recounting of the factual and procedural history of Mr. Vickers' crimes and

individual components of Mr. Vickers' current cumulative sentence are:

- Attempted Robbery First Degree (IS13-10-0745)—a natural life sentence at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(b));

- Home Invasion (IS13-08-2004)—a natural life sentence at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(b));

- Possession of a Firearm During the Commission of a Felony (PFDCF) (IS13-10-0747)—a natural life sentence at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(b));

- Possession of a Firearm During the Commission of a Felony (PFDCF) (IS13-08-2003)—a natural life sentence at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(b));

- Possession of a Firearm During the Commission of a Felony (PFDCF) (IS13-10-0746)—a natural life sentence at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(b));

- Assault Second Degree (IS13-08-2003)—8 years at supervision Level V; and

- Conspiracy Second Degree (IK12-09-0216)—2 years at supervision Level V.[2]

The effective date of Mr. Vickers' sentence is August 8, 2014, and he was

---

resultant sentence can be found in our Supreme Court's decision on direct appeal. *Vickers v. State*, 117 A.2d 516 (Del. 2015).

[2] D.I. 101 (Corrected Sentence Order—correcting the assault sentence to comply with the statutory maximum applicable thereto); D.I. 98 (Letter from original sentencing judge explaining the need for that adjustment).

credited with 359 days previously served on both the attempted robbery and assault convictions.[3]

(2)     Since then, Mr. Vickers' convictions and sentence were affirmed on direct appeal, he has filed an unsuccessful motion for postconviction relief (D.I. 102-123), and he filed a Rule 35(a) motion for correction of an illegal sentence (D.I. 131-132).  More than once, he has complained of the substance of his habitual criminal sentence or the manner in which it was imposed.[4]

(3)     Mr. Vickers' suggests that the Court should now grant him a certificate of eligibility because he believes:  (a) he meets the requirements for  § 4214(f) consideration; and (b) he doesn't believe the State would seek or the Court would impose the same sentence were there a do-over.[5]

(4)     The Court must determine whether Mr. Vickers satisfies the exacting threshold requirements for § 4214(f) eligibility—and many of the arguments he forwards just are not factors the Court can consider when doing so.

(5)     "[T]o be eligible to petition for sentencing relief under § 4214(f), an

---

[3]   *Id.*

[4]   *See, e.g.*, *Vickers*, 117 A.2d at 516 (on direct appeal, Mr. Vickers argued that his first conviction committed when he was a juvenile but for which he was prosecuted as an adult, could not be counted as a prior felony conviction supporting his habitual criminal sentence); *Vickers v. State*, 2023 WL 2880004 (Del. Apr. 10, 2023) (in his recent Rule 35(a) motion, Mr. Vickers argued that the multiple life terms imposed are illegal and not intended by the Delaware General Assembly).

[5]   D.I. 143 (Mot. for Certificate of Eligibility).

inmate serving a sentence (or sentences) imposed under the pre-2016 Habitual Criminal Act must meet both a type-of-sentence *and* the time-served requirement."[6]   Mr. Vickers meets the first as to the terms imposed for his attempted robbery, home invasion, and PFDCF convictions.   But he doesn't satisfy the second when his cumulative sentence is considered—or even as to a single habitual-criminal component thereof.

(6)     Mr. Vickers was sentenced to the minimum required for each of his attempted robbery, home invasion, and PFDCF convictions—a consecutive natural life term of imprisonment under the three-strikes provision of the then-extant Habitual Criminal Act.[7]   One becomes time-served eligible for § 4214(f) relief only "after [he] has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by th[e current provisions of the Habitual Criminal Act] *or* the statutes describing said offense or offenses, *whichever is greater*."[8]

---

6   *Yelardy v. State*, 2022 WL 9632128, at *2 (Del. Oct. 14, 2022) (emphasis added) (citations and quotation marks omitted); *State v. Lewis*, 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018) (describing the requirements that must be met before this Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019).

7   DEL. CODE ANN. tit. 11, § 4214(b) (2013) (any person sentenced under then-existing § 4214(b) had to receive a natural life sentence for the triggering felony (or felonies) that formed the basis of the State's habitual criminal petition); *id.* at 3901(d) ("No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.").

8   DEL. CODE ANN. tit. 11, § 4214(f) (2024) (emphasis added).

(7)     Though Mr. Vickers suggests some other means of determining his time-served eligibility, the Court has explained just how that is done in a situation such as his:

> [T]hat requires the Court to determine where in the new habitual criminal sentencing regime a potential § 4214(f) petitioner would fall.  And, most often, that is done easily enough by reviewing the State's original habitual criminal petition and determining which new habitual criminal enhancement provision would be applicable to the inmate's sentence if he were to be sentenced today.[9]

Just so here.

(8)     Under the current provision of the Habitual Criminal Act applicable to Mr. Vickers and each of his attempted first-degree robbery, home invasion, and PFDCF convictions[10]—§ 4214(d)[11]—the cumulative habitual criminal portion of his sentence for those five crimes would be no less than a minimum mandatory term of 125 years of unsuspended imprisonment.[12]

---

[9]     *Lewis*, 2018 WL 4151282, at *2.

[10]    *State v. Harris*, 2022 WL 472518, at *4 (Del. Super. Ct. Feb. 14, 2022) ("The time-served prong is calculated by applying the current version of Section 4214(a)(b)(c) or (d) based on a defendant's conviction history.").

[11]    Mot. for Certificate of Eligibility, at 4 (acknowledging it is the current § 4214(d) that would be applicable were he to be sentenced under the current provisions of the Habitual Criminal Act).

[12]    *See* DEL. CODE ANN. tit. 11, § 4214(d) (2024) (providing one sentenced under this provision must receive a minimum sentence of the statutory maximum penalty provided elsewhere in Title 11 for the triggering felony (or felonies) that form the basis of the habitual criminal petition).  When Mr. Vickers committed his crimes in 2013, attempted first-degree robbery, home invasion, and PFDCF each were a class B violent felony carrying a statutory maximum of 25 years imprisonment. DEL. CODE ANN. tit. 11, §§ 531, 832(a), 826A(a), 1447A(a), 4201(c) and 4205(b)(2) (2013). *See also Yelardy*, 2022 WL 9632128, at *3 ("For a

(9)    The Court must determine a § 4214(f) applicant's time-served eligibility consistent with the statute and cannot consider the what-ifs Mr. Vickers offers,[13] his suggested comparison to those he deems like-situated inmates, or his claim of rehabilitation.[14]  Having engaged the proper means of reckoning time-served eligibility, he is not close to meeting that requirement.

(8)  Accordingly, Mr. Vickers' request for a certificate of eligibility under Delaware Superior Court Special Rule 2017-1(c) must be **DENIED**.

**IT IS SO ORDERED.**                                    /s/   *Paul R. Wallace*

---

Paul R. Wallace, Judge

Original to Prothonotary-Sussex County

cc:   Mr. Donta E. Vickers, *pro se*
       Ms. Kathleen A. Dickerson, Chief Prosecutor, Sussex Co.

---

person who is serving habitual-offender sentences for multiple felony convictions in a single case to satisfy the time-served requirement, 'each individual count must be eligible for § 4214(d) relief.'").

[13]  *See Harris*, 2022 WL 472518, at *4; *State v. Dwyer*, 2019 WL 413630, at *1 (Del. Super. Ct. Feb. 1, 2019) ("To determine if this requirement is met the Court determines where in the new habitual criminal sentencing regime a potential § 4214(f) petitioner would fall.").

[14]  *See State v. Rowan*, 2022 WL 896260 (Del. Super. Ct. Mar. 28, 2022) (explaining that neither a claim of rehabilitation nor a comparison to the disposition of other inmates' cases "is helpful in satisfying the exacting threshold requirements for § 4214(f) eligibility"); *State v. Wright*, 2022 WL 1013311, at *2 (Del. Super. Ct. Mar. 9, 2022) (comparison to those who may have received a § 4214(f) certificate of eligibility "does nothing to satisfy the exacting requirements for § 4214(f) eligibility in [an] individual case").